**William K. ZIMMERMAN, Appellant–Plaintiff,**

v.

**Craig HANKS and Edward L. Cohn, Appellees–Defendants.**

**No. 77A04–0106–CV–266.**

Court of Appeals of Indiana.

April 24, 2002.

William K. Zimmerman, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

**OPINION**

SHARPNACK, Judge.

William K. Zimmerman appeals the small claims court's order dismissing his complaint for failure to prosecute. Zimmerman raises two issues, which we restate as:

1. Whether the small claims court erred when it denied Zimmerman's motion for appointment of counsel

pursuant to Ind.Code § 34–10–1–2;[1] and

2. Whether the small claims court denied Zimmerman his constitutional right to bring a civil action.

We reverse and remand for specific findings.

The relevant facts follow. While incarcerated at the Wabash Valley Correctional Facility ("WVCF"), Zimmerman, *pro se*, filed a small claims action against employees of the Department of Correction ("DOC") for allegedly confiscating and destroying his personal property. Zimmerman, *pro se*, filed a motion for relief from fees in civil actions, pursuant to Ind.Code § 33–19–3–2,[2] accompanied with a statement of exceptional circumstances ("Statement"). The Statement provided, in pertinent part, that Zimmerman has

> been absolutely indigent and without any funds since July, 1998 ... [and his] prison trust fund account currently has over $300.00 in liens for photocopies made at the prison law library—and postage liens; and ... approximately $1,500.00 in liens against [it] for federal civil action filing fees and appellate fees.

Appellant's Appendix at 9. The small claims court granted Zimmerman's motion for relief from fees and waived all filing fees and court costs associated with the small claims action. The small claims court also notified Zimmerman that his trial and any hearings would be conducted via video-conferencing between the court and WVCF.

Subsequently, the DOC transferred Zimmerman from WVCF to Indiana State Prison in Michigan City. On January 31, 2001, Zimmerman, *pro se*, filed a motion for an order to transport him from Indiana State Prison to the small claims court for trial. However, the small claims court denied the transport order. On February 21, 2001, Zimmerman, *pro se*, filed a motion for appointment of counsel pursuant to Ind.Code § 34–10–1–2, which the court also denied. On March 2, 2001, Zimmerman, *pro se*, filed a motion to reconsider the denial of his motion for appointment of counsel wherein he requested that the small claims court either: (1) appoint counsel to represent him pursuant to Ind. Code § 34–10–1–2; (2) appoint a guardian ad litem to represent his interests in the small claims action; or (3) arrange for Zimmerman to appear at all hearings and trial via telephonic conference. The small claims court denied Zimmerman's motion to reconsider. Finally, on March 21, 2001, the small claims court dismissed Zimmerman's cause of action because Zimmerman "fail[ed] to appear" at the scheduled bench trial. *Id.* at 33.

Before we address the two issues raised by Zimmerman, we address one matter *sua sponte*. Because Zimmerman filed his cause of action in small claims court, Ind. Small Claims Rule 10 governs the dismissal of his complaint. Ind. Small Claims Rule 10(A) provides that "[i]f the plaintiff fails to appear at the time and place specified for the trial, or for any continuance

---

1. Ind.Code § 34–10–1–2 requires the trial court to appoint civil counsel to indigent litigants who are without sufficient means to prosecute or defend the action.

2. Ind.Code § 33–19–3–2 provides:

A person entitled to bring a civil action ... may do so without paying the required fees or other court costs upon filing in court, under oath and in writing, a statement:

(1) declaring that the person is unable to make the payments or to give security for them because of the person's indigency;

(2) declaring that the person believes that the person is entitled to the redress sought in the action; and

(3) setting forth briefly the nature of the action.

thereof, the court may dismiss the action without prejudice." In the present case, the small claims court dismissed Zimmerman's complaint because Zimmerman failed to appear at trial. Although the court's order is silent regarding whether the dismissal was with or without prejudice, we presume that it was without prejudice, in compliance with Ind. Small Claims Rule 10(A).

## I.

The first issue is whether the trial court erred when it denied Zimmerman's motion for appointment of counsel pursuant to Ind.Code § 34-10-1-2. Ind.Code § 34-10-1-1 provides that "[a]n indigent person who does not have sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as an indigent person." Ind.Code § 34-10-1-2, provides, in pertinent part, that:

If the court is satisfied that a person who makes an application described in [Ind.Code § 34-10-1-1] does not have sufficient means to prosecute or defend the action, the court shall:

(1) admit the applicant to prosecute or defend as an indigent person; and

(2) assign an attorney to defend or prosecute the cause.

Zimmerman claims that the small claims court erred by denying his motion for appointment of counsel because he had a statutory right to the appointment of counsel per Ind.Code § 34-10-1-2. *See Sholes v. Sholes,* 732 N.E.2d 1252 (Ind.Ct.App. 2000) ("*Sholes I* ").

However, since Zimmerman filed his Appellant's Brief, our supreme court vacated *Sholes I. Sholes v. Sholes,* 760 N.E.2d 156 (Ind.2001). In *Sholes,* the supreme court set out a procedure for appointing civil counsel under Ind.Code § 34-10-1-2. *See*

*id.* at 160. To invoke Ind.Code § 34-10-1-2, the litigant must apply to the trial court for leave to proceed as an indigent person. *Id.* When confronted with such a motion, the trial court should first determine whether the applicant is indigent and is without sufficient means to litigate the action. *Id.* An affirmative finding on both inquiries would result in a statutory mandate that counsel be appointed. *Id.* at 166.

■ However, as the *Sholes* court cautiously warned, while the considerations of indigence and sufficient means are similar in some situations, they are not identical. *Id.* at 161. Rather, for purposes of Ind. Code § 34-10-1-2, the two inquiries are quite different. *Id.* To determine whether an applicant is indigent, for example, the trial court must balance the applicant's assets against his liabilities and consider the amount of the applicant's disposable income or other resources reasonably available to him after the payment of his fixed or certain obligations. *Id.* By contrast, the determination of whether an "applicant has 'sufficient means' goes beyond a mere snapshot of the applicant's financial status. Rather, the [trial] court must examine the applicant's status in relation to the type of action before it." *Id.* Thus, if the action is of the type that is often handled without the presence or assistance of counsel by persons who are not indigent, such as many small claims actions, the trial court may find that even an indigent applicant has "sufficient means" to proceed without appointed counsel. *Id.* at 161. However, there is not a "blanket [category] of cases in which counsel should never be appointed. Rather, the [trial] court should look to the particular issues presented in the action and make a determination of whether the indigent applicant requires appointed counsel." *Id.*

■ If the trial court establishes that the applicant is indigent and is without

sufficient means to prosecute or defend the action, its inquiry regarding whether to appoint counsel is not over. Rather, because trial courts have only a statutory directive to appoint counsel to indigent litigants in civil cases, the trial court must further determine "whether [the applicant] has a colorable bona fide dispute over issues warranting the expense of counsel." *Id.* at 166. Indeed, in recognizing the conflict between the express directive of Ind.Code § 34–10–1–2 to appoint counsel for all civil indigent litigants and the rights of attorneys to be compensated for rendering their legal services, our supreme court noted:

> [T]he Indiana Constitution requires that appointed counsel be compensated. However, in the absence of any legislatively prescribed source of funding, a [trial] court's ability to direct that counsel be appointed is circumscribed by the doctrines surrounding the [trial] court's ability to order the expenditure of public funds. Ultimately, then, the decision to appoint counsel for an indigent litigant in a civil case turns on the [trial] court's assessment of the nature of the case, the genuineness of the issues, and other factors that bear on the wisdom of mandating public funds for that purpose.

*Id.* at 159. Thus, even if the trial court determines that the applicant meets the requirements of Ind.Code § 34–10–1–2 and should, consequently, receive an appointment of counsel, if no pro bono service provider is available to represent the applicant, "the trial court [has] to consider whether it has the power, under Ind. Trial Rule 60.5,[3] to order payment of counsel, or whether the statutory mandate of [Ind.

Code § 34–10–1–2] fails in light of overriding considerations that would prevent expenditure of public funds for appointed counsel." *Id.* at 166 (footnote added).

■ Now that we have outlined the procedure that a trial court should apply when appointing civil counsel under Ind.Code § 34–10–1–2, we turn to reviewing the small claims court's decision in this case. Here, the small claims court found Zimmerman indigent by virtue of its order waiving filing fees and court costs. However, when confronted with Zimmerman's motion for appointment of counsel pursuant to Ind.Code § 34–10–1–2, the small claims court failed to determine whether Zimmerman has "sufficient means" to prosecute his small claims action. *See id.* at 160. In addition, the court failed to consider the wisdom of mandating public funds for the purpose of appointing counsel to Zimmerman given the nature of Zimmerman's case, the genuineness of the issues, and other factors. *See id.* at 159. Instead, the small claims court merely denied Zimmerman's motion without making any specific findings. Accordingly, we must reverse the small claims court's dismissal of Zimmerman's cause of action and remand with instructions to: (1) vacate all proceedings conducted after Zimmerman's motion for appointment of counsel; (2) determine whether Zimmerman has sufficient means to prosecute his small claims action; and (3) if not, determine whether counsel may be appointed to represent Zimmerman consistent with Ind. Trial Rule 60.5. *See, e.g., id.* at 166.

## II.

The second issue is whether the small claims court denied Zimmerman his consti-

---

**3.** Ind. Trial Rule 60.5(A) provides that: "Courts shall limit their requests for funds to those which are reasonably necessary for the operation of the court or court-related functions. Mandate will not lie for extravagant, arbitrary or unwarranted expenditures nor for personal expenditures (e.g., personal telephone bills, bar association memberships, disciplinary fees)."

tutional right to bring a civil action. Zimmerman claims that when the small claims court denied both his motion for transport order and his motion for appointment of counsel, it effectively deprived him, as an incarcerated plaintiff, of his right to maintain a civil action. Because we reverse the small claims court's denial of Zimmerman's motion for appointment of counsel, we need not determine whether the court's actions in denying Zimmerman's motions for a transport order and appointment of counsel denied Zimmerman his constitutional right. However, given that this issue may arise again on remand, we make the following observations regarding the relevant law.

■ A prisoner, such as Zimmerman, who brings a civil lawsuit has no right to a transport order. We have previously held that a trial court cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration. *Hill v. Duckworth,* 679 N.E.2d 938, 939 (Ind.Ct.App.1997) (citing *Rogers v. Youngblood,* 226 Ind. 165, 170, 78 N.E.2d 663, 665 (1948)). In *Hill,* we recognized that:

> It may seem harsh to petitioner that he is denied the right to prosecute his action for the possession of his property alleged to have been taken by the sheriff, but that is not done. He still has the right to sue. It is true that his confinement makes it impossible for him to appear in court and act as his own lawyer, but when anyone commits a felony and is convicted and is confined in State prison his ability to pursue his business in person and to exercise many other rights and privileges, which he otherwise might have had, are curtailed and in such curtailment his rights under the constitution are not violated. It is merely an incident of punishment.

*Hill,* 679 N.E.2d at 940. Accordingly, the small claims court did not abuse its discretion by denying Zimmerman's motion for transport order. *See, e.g., id.*

■ In addition, as previously discussed in Part I, a prisoner has no absolute right to counsel. *See Sholes,* 760 N.E.2d at 166. Rather, to establish whether to appoint counsel under Ind.Code § 34-10-1-2, the trial court must determine whether the prisoner is indigent and without "sufficient means" to prosecute his action. *See id.* at 160. The trial court must further determine whether the prisoner has a colorable bona fide dispute over issues warranting the expense of counsel. *See id.* at 166. Thus, a prisoner does not have an automatic right to the appointment of counsel. *See, e.g., id.*

■ Nevertheless, a prisoner does have a constitutional right to bring a civil action. Article 1, § 12 of the Indiana Constitution provides that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Accordingly, a prisoner, such as Zimmerman, clearly has a constitutional right to bring a civil action against persons who have injured him. *See id.* Moreover, implicit in this right to bring a civil action is the right to present one's claim to the trial court.

Here, the small claims court originally told Zimmerman that he could appear at the small claims trial via video conferencing from WVCF. Subsequently, however, the DOC transferred Zimmerman from WVCF to the Indiana State Prison in Michigan City. Thus, in both his motion for appointment of counsel and motion to reconsider, Zimmerman requested video or telephonic conferencing or the appointment of a guardian ad litem to represent

his interests at trial. The small claims court however did not rule on these requests.

In addition, there are other avenues available by which Zimmerman could prosecute his action without having to represent himself at the trial in the courthouse. *See Hill,* 679 N.E.2d at 940. For example, he could submit the case to the court by documentary evidence or postpone the trial until his release from incarceration. *See id.* We are mindful that the statute of limitations governing Zimmerman's claim against the employees of the DOC may expire before Zimmerman is released from prison to prosecute his case in person.[4] Thus, some means must exist by which Zimmerman can prosecute his claim while still incarcerated or else he would be denied his constitutional right to bring a civil action. A trial court should not be able to deprive a prisoner of his constitutional right to maintain a civil action by denying motions that the court can properly deny while concurrently ignoring the prisoner's requests for other methods that would allow the prisoner to prosecute from prison.

For the foregoing reasons, we reverse the small claims court's dismissal of Zimmerman's cause of action and remand with instructions to: (1) vacate all proceedings conducted after Zimmerman's motion for appointment of counsel; (2) determine whether Zimmerman has sufficient means to prosecute his small claims action; and (3) if so, determine whether counsel may be appointed to represent Zimmerman consistent with Ind. Trial Rule 60.5.

Reversed and remanded.

DARDEN, J. concurs.

BAILEY, J. concurs in result with separate opinion.

---

**4.** The Record does not disclose how long Zimmerman will be incarcerated. Consequently, we do not know whether Zimmerman will be

Judge BAILEY concurring in result.

I agree with the majority that the small claims court effectively denied Zimmerman his constitutional right to present his case in court, and as such the dismissal of Zimmerman's cause of action should be reversed. However, I write separately to address the appointment of counsel issue, specifically the majority's application of *Sholes* on this matter.

As properly outlined by the majority, *Sholes* instructs that the statutory procedure for the appointment of counsel under Indiana Code section 34-10-1-1 requires both a determination of "indigence" and "sufficient means." Applying *Sholes,* the majority concludes that the small claims court did not follow this procedure because it failed to make specific findings when it denied Zimmerman's motion for appointment of counsel. I disagree.

Zimmerman, pro se, filed a "Motion for Relief from Fee in Civil Action," which included a statement from Zimmerman regarding his state of indigency, a printout of the liens existing against his prison fund account, and a certified counselor's statement. The small claims court granted Zimmerman's motion, issuing a generally worded order on July 24, 2000, that simply recognized the contents of Zimmerman's motion and then waived filing fees and court costs. Yet, on February 22, 2001, the small claims court denied Zimmerman's "Motion for Appointment of Counsel." While the aforementioned orders came prior to our supreme court's decision in *Sholes,* they are nevertheless in accord with its rationale.

More specifically, the small claims court was presented with a litigant that was

released from prison before the running of the statute of limitations on his small claims action.

"indigent" but yet equipped with "sufficient means" to prosecute his claim. Zimmerman was incarcerated, had liens against his prison fund, and by all accounts could not afford to retain counsel. Yet, with access to a prison library, Zimmerman was able to present timely, coherent, even persuasive pleadings, in furtherance of his cause of action. In *Sholes*, our supreme court held in part as follows:

> [T]he court should look to the particular issues presented in the action and make a determination of whether the indigent applicant requires counsel.

*Sholes*, 760 N.E.2d at 161. Here, the nature of Zimmerman's dispute was not complex, and his ability to effectively use the legal system was readily apparent.[5] Therefore, I see no need to require the small claims court to provide special findings in support of a judgment that is plainly supported by the Record. I agree with the result of the small claims court's decision not to appoint counsel for Zimmerman; namely, that his action does not necessitate the expenditure of public funds. For the above reasons, I find the small claims court's order denying Zimmerman the appointment of counsel fully effecting the dictates of *Sholes*.

---

5. Moreover, in a separate cause of action, entitled *Zimmerman v. State*, 750 N.E.2d 337 (Ind.2001), Zimmerman, again pro se, managed "sufficient means" to reverse the dismissal of a trial court—only to lose at the supreme court level.