**Mario L. SIMS, Sr., Appellant–
Plaintiff,**

v.

**Dr. Keith IVENS, et al., Appellees–
Defendants.**

**No. 32A04–0111–CV–513.**

Court of Appeals of Indiana.

Sept. 16, 2002.

Mario L. Sims, Sr., Westville, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mario L. Sims, Sr. brings this pro se appeal from the trial court's order dismiss-

ing his medical malpractice complaint. Sims raises three issues for review, one of which we find dispositive: whether the trial court erred when it denied Sims' motion for appointment of counsel.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

In February 1998, Sims filed a pro se complaint alleging medical malpractice against doctors and nurses (collectively "the Defendants") at Plainfield Correctional Facility, and the trial court granted Sims leave to proceed in forma pauperis. At a telephonic pre-trial conference in July 1998, the court scheduled a jury trial for January 25, 1999.

In early January 1999, the Defendants filed a motion asking the court to clarify whether the jury trial would go forward given that Sims was incarcerated at Westville Correctional Facility and the court lacked authority to order his attendance for trial. On January 7, 1999, the court vacated the jury trial and allotted Sims thirty days to show cause how he intended to appear at trial when the court lacks authority to order that he be transported for a civil jury trial. In response, Sims moved the court to hold the trial by telephonic conference or, in the alternative, to postpone the trial until his release from prison. The Defendants also requested that the trial be postponed until Sims' release. In February 1999, the trial court determined that "it is not reasonable to leave this matter pending for eight (8) years waiting for plaintiff's release from custody." Instead, the court issued an order staying all proceedings in the case until February 10, 2000 and encouraged the parties to engage in settlement negotiations in the interim.

In March 2000, the court ordered Sims to show cause, on or before May 8, 2000,

why the case should not be dismissed for failure to prosecute under Indiana Trial Rule 41(E). In April, Sims filed his return to the court's show cause order and requested that the court appoint him counsel. On May 8, 2000, without ruling on Sims' request for appointment of counsel, the trial court dismissed the case for failure to prosecute. Sims appealed the order of dismissal to this court. On June 20, 2001, we issued a memorandum decision reversing the trial court and held that Trial Rule 41(E) requires a hearing prior to dismissal. *Sims v. Ivens,* 750 N.E.2d 24 (Ind.Ct.App.2001).

On June 21, 2001, the trial court scheduled a hearing for July 16, 2001, to determine whether Sims' case should be dismissed under Trial Rule 41(E). Thereafter, on July 2, 2001, Sims filed four motions: (1) a motion for appointment of counsel; (2) a motion for change of venue from both the county and the judge; (3) a motion requesting that he be allowed to appear at all hearings by telephone; and (4) a motion for continuance of the Trial Rule 41(E) hearing. On July 16, the trial court granted Sims' motion for change of venue and, without ruling on any of the other three pending motions, indicated that any pending motions were to be ruled upon by the new judge. The case was temporarily transferred to LaPorte County, but was subsequently returned to the Hendricks Superior Court. Hendricks Superior Court regained jurisdiction over the case on August 6, 2001. That same day, the trial court denied Sims' motion to appear for the Trial Rule 41(E) hearing by telephone and rescheduled that hearing for October 1, 2001. At that point, the court had still not ruled on Sims' pending motion for change of judge and request that he be appointed counsel.

On October 1, 2001, the trial court conducted the Trial Rule 41(E) hearing, but

Sims, who was still incarcerated, did not appear. The court, again, dismissed the case for failure to prosecute under Trial Rule 41(E). In addition, the court denied Sims' pending motion for change of judge and request that he be appointed counsel. This appeal ensued.

## DISCUSSION AND DECISION

Sims argues that the trial court erred when it denied his motion for appointment of counsel. Specifically, he contends that because the court found him to be indigent in February 1998, he was entitled to counsel when he subsequently filed his motion for appointment of counsel in July 2001.

 Indiana Code Sections 34–10–1–1 and –2 discuss assignment of counsel in civil cases to persons who are indigent. Indiana Code Section 34–10–1–1 provides that "[a]n indigent person who does not

have sufficient means to prosecute or defend an action may apply to the court … for leave to prosecute or defend as an indigent person." And at the time Sims filed his motion for appointment of counsel, Indiana Code Section 34–10–1–2 provided in relevant part:

> If the court is satisfied that a person who makes an application described in [I.C. § 34–10–1–1] does not have sufficient means to prosecute or defend the action, the court shall:
>
> (1) admit the applicant to prosecute or defend as an indigent person; and
>
> (2) assign an attorney to defend or prosecute the case.[1]

Our supreme court clarified this statutory procedure in *Sholes v. Sholes,* 760 N.E.2d 156, 160–61 (Ind.2001):

> The procedure for the trial court to determine when counsel must be appointed

---

1. Apparently in response to the supreme court's opinion in *Sholes v. Sholes,* 760 N.E.2d 156 (Ind.2001), the legislature amended Ind.Code § 34–10–1–2, which now provides:

 (a) This section may not be construed to prohibit a court from participating in a pro bono legal services program or other program that provides legal services to litigants:
 (1) without charge; or
 (2) at a reduced fee.
 (b) If the court is satisfied that a person who makes an application described in section 1 of this chapter does not have sufficient means to prosecute or defend the action, the court:
 (1) shall admit the applicant to prosecute or defend as an indigent person; and
 (2) may, under exceptional circumstances, assign an attorney to defend or prosecute the cause.
 (c) The factors that a court may consider under subsection (b)(2) include the following:
 (1) The likelihood of the applicant prevailing on the merits of the applicant's claim or defense.
 (2) The applicant's ability to investigate and present the applicant's claims or de-

 fenses without an attorney, given the type and complexity of the facts and legal issues in the action.
 (d) The court shall deny an application made under section 1 of this chapter if the court determines any of the following:
 (1) The applicant failed to make a diligent effort to obtain an attorney before filing the application.
 (2) The applicant is unlikely to prevail on the applicant's claim or defense.
 (e) All officers required to prosecute or defend the action shall do their duty in the case without taking any fee or reward from the indigent person.
 (f) The reasonable attorney's fees and expenses of an attorney appointed to represent an applicant under section 1 of this chapter shall be paid from the money appropriated to the court:
 (1) appointing the attorney, if the action was not transferred to another county; or
 (2) from which the action was transferred, if the action was transferred to another county.
 (effective March 26, 2002). However, the amended statute does not apply to Sims' case. *See Chesnut v. Roof,* 665 N.E.2d 7, 9 (Ind.Ct. App.1996) (stating general rule that absent express indication otherwise, amendments to

is: (1) the litigant is to apply to the trial court for leave to proceed "as an indigent person"; and (2) if the trial court finds that the applicant is both indigent and without sufficient means to prosecute or defend the action, the trial court shall appoint counsel for the applicant. Section 34–10–1–1 places the burden upon the party seeking to proceed "as an indigent person" to demonstrate that he or she is indigent and without "sufficient means." However, section 34–10–1–2 does not require the applicant to make an independent, formal request for appointed counsel. Rather, once the trial court finds that the applicant is indigent and without "sufficient means to prosecute or defend" the action, it must sua sponte appoint counsel.

Thus, the trial court must determine not only whether an applicant is indigent but also whether he or she has "sufficient means" to prosecute or defend the action. *Id.; Zimmerman v. Hanks,* 766 N.E.2d 752, 755 (Ind.Ct.App.2002). In addition, even if the trial court determines that the applicant meets the statutory requirements and should be appointed counsel, the court must consider whether pro bono counsel is available. *Zimmerman,* 766 N.E.2d at 756 (citing *Sholes,* 760 N.E.2d at 166). If no pro bono service provider is available to represent the applicant, " 'the trial court [has] to consider whether it has the power, under Trial Rule 60.5, to order payment of counsel, or whether the statutory mandate of [I.C. § 34–10–1–2] fails in light of overriding considerations that would prevent expenditure of public funds

for appointed counsel.' " *Id.* (quoting *Sholes,* 760 N.E.2d at 166).[2]

The facts of this case are analogous to the facts in *Zimmerman* where an inmate filed a pro se small claims action. The court found Zimmerman to be indigent and waived filing fees and court costs. Zimmerman later filed a motion for appointment of counsel, which the court denied. 766 N.E.2d at 754. The court ultimately dismissed Zimmerman's small claims action because of his failure to appear. *Id.*

On appeal, we reversed the trial court's denial of Zimmerman's motion for appointment of counsel because the court failed to determine whether he had "sufficient means" to prosecute his claim. *Id.* at 756. Nor did the court "consider the wisdom of mandating public funds for the purpose of appointing counsel to Zimmerman given the nature of Zimmerman's case, the genuineness of the issues, and other factors." *Id.* (citation omitted). Rather, the court denied Zimmerman's motion without making any "special findings." *Id.* As a result, we remanded with specific instructions to the small claims court to (1) vacate all proceedings conducted after Zimmerman filed his motion; (2) determine whether Zimmerman had sufficient means to prosecute the action, and (3) if not, determine whether counsel should be appointed consistent with Trial Rule 60.5. *Id.*

■ Here, as in *Zimmerman,* the trial court found Sims indigent when it granted him leave to proceed in forma pauperis in February 1998. Sims later filed a "formal" request for counsel in July 2001.[3] The court's October 2001 denial of Sims' motion is only a general denial of the

---

statutes apply prospectively, not retroactively, to pending cases).

**2.** Indiana Trial Rule 60.5(A) provides:

Courts shall limit their requests for funds to those which are reasonably necessary for the operation of the court or court-related

functions. Mandate will not lie for extravagant, arbitrary or unwarranted expenditures nor for personal expenditures (e.g., personal telephone bills, bar association memberships, disciplinary fees).

**3.** Sims filed his first motion for appointment of counsel in April 2000. But the trial court

motion. Like the court in *Zimmerman,* the trial court in this case did not determine whether Sims had sufficient means to prosecute his case. Thus, the trial court failed to comply with the statutory requirements in ruling on Sims' motion.

■ But the Defendants assert that the record demonstrates that Sims has sufficient means to prosecute his case and, thus, we should not remand for the trial court to further consider his request for counsel. In support, they cite to the concurring opinion in *Zimmerman,* 766 N.E.2d at 758–59, in which Judge Bailey expressed his disapproval of the majority's decision to remand on the issue of whether to appoint counsel when the evidence in the record supported the denial. *Id.* Unlike *Zimmerman,* which involved a small claims action, Sims brings a medical malpractice action against multiple defendants. Sims' action is fundamentally more "complex" than Zimmerman's small claims case. *See id.* at 759 (Bailey, J., concurring in result) (stating that nature of inmate's case was not complex and inmate had demonstrated ability to use legal system).

■ In determining whether an applicant has sufficient means to prosecute a case, the trial court should examine "the applicant's [financial] status in relation to the type of action before it." *Sholes,* 760 N.E.2d at 161 (citation omitted). We agree with the Defendants that medical malpractice actions are often handled on a contingent fee basis and that, as a result, Sims may have the means to prosecute. *See id.* (stating that "cases that have their own ability to fund counsel are another general category where appointed counsel may be inappropriate."). However, it is not this court's role to make that determination in the first instance on appeal.

Rather, the trial court must determine whether Sims has sufficient means and, if he does not, determine whether he "has a colorable bona fide dispute over issues warranting the expense of counsel." *Id.* at 166.

■ In sum, Indiana law requires a trial court to make certain determinations when ruling on an indigent party's motion for the appointment of counsel in a civil case. "Ultimately . . . the decision to appoint counsel for an indigent litigant in a civil case turns on the court's assessment of the nature of the case, the genuineness of the issues, and any other factors that bear on the wisdom of mandating public funds for that purpose." *Id.* at 159. We express no opinion on the merits, but following our supreme court's opinion in *Sholes,* we hold that the trial court in this case failed to comply with statutory procedures when it entered a general denial of Sims' motion.

Therefore, we reverse and remand to the trial court for further consideration on Sims' motion for appointment of counsel. Specifically, we remand with instructions to vacate all proceedings conducted after Sims filed his July 2, 2001 motion for appointment of counsel, and, in light of *Sholes:* (1) determine whether Sims has sufficient means to prosecute his medical malpractice action, and (2) if Sims does not have sufficient means, determine whether counsel should be appointed for him.

Reversed and remanded with instructions.[4]

SHARPNACK and FRIEDLANDER, JJ., concur.

---

did not rule on his motion prior to dismissing the action the first time in May 2000.

**4.** Because we reverse the trial court's denial of Sims' motion for appointment of counsel, we need not address whether the court erred

when it denied his motion for change of judge and dismissed the action for failure to prosecute under Trial Rule 41(E). Rulings on both of these motions occurred *after* Sims moved for appointment of counsel. While these issues may reappear in the trial court, it is necessary for the court, first, to determine whether Sims is entitled to the assistance of counsel in filing these or other motions throughout the remainder of his case. *Cf. Zimmerman,* 766 N.E.2d at 757–58 (commenting on, without deciding, inmate's claim that he was denied the constitutional right to bring a civil lawsuit given that issue would likely arise again on remand).