Frederick A. BROWN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 62A04–0204–CV–154.

Court of Appeals of Indiana.

Jan. 22, 2003.

1. On all other issues both parties raise in their petitions for rehearing, we deny the petitions without opinion.

Frederick A. Brown, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Frederick Brown ("Brown"), an inmate in the Department of Correction, filed a pro se complaint in Perry Circuit Court against several prison officials ("the Appellees")[1] seeking to recover funds he expended on "picture tickets" purchased during his incarceration at the Branchville Correctional Facility, which he could not use after his transfer to the Plainfield Correctional Facility. A bench trial was held in the matter at which Brown failed to appear. Therefore, the trial court entered a default judgment in favor of the Appellees and dismissed Brown's complaint. Brown then filed a motion for relief from judgment pursuant to Trial Rule 60(B), which the trial court denied. Brown has filed this pro se appeal arguing that the trial court abused its discretion when it denied his Trial Rule 60(B) motion.

We affirm, but remand for proceedings consistent with this opinion.

## Facts and Procedural History

During his incarceration at the Branchville Correctional Facility, Brown purchased several "picture tickets," which could be used to pay for photographs with visitors. According to Brown, the picture tickets could only be redeemed on Wednesdays. On Thursday, March 30, 2000, Brown was notified that he was going to be transferred to the Plainfield Correctional Facility. The transfer occurred the following Wednesday morning, on April 5, 2000, and Brown did not have an opportunity to redeem the picture tickets in the interim.

On June 1, 2000, he filed a "Notice of Loss of Property—Tort Claim" with the Department of Correction in which he requested reimbursement for the picture tickets in the amount of $6.00 and an additional $1.60 in copying fees. Appellant's App. pp. 80–83. On June 14, 2000, the Branchville Correctional Facility deposited $4.55 into Brown's inmate trust account. Brown then wrote a letter requesting that the Branchville Correctional Facility send an additional $1.45 to him at the Plainfield Correctional Facility. Appellant's App. p. 89. Brown did not receive a response to that request.

On October 11, 2000, Brown filed a complaint pro se in Perry Circuit Court alleging that the Appellees' actions deprived him of $1.45 and $10.00 for the cost of copies. Brown also alleged that he was entitled to the $1.60 for copies requested in his "Notice of Loss of Property—Tort Claim." Appellant's App. pp. 78–79. On February 27, 2001, Brown filed a motion for default judgment pursuant to Small Claims Rule 10(B). However, four days

---

1. In his complaint, Brown named the following individuals as Defendants: Paul Kranning, Superintendent of the Branchville Correctional Facility, Mike Moore, head of Business Office at the Branchville Correc-

tional Facility, and "John Doe Defendants (Not Named)—having responsibility for Inmate Trust Fund Accounts." Appellant's App. p. 78.

before Brown filed the motion, an appearance was entered on behalf of the Appellees and their attorney filed a Motion for an Enlargement of Time Within Which to Respond to Complaint. Therefore, on the same day that Brown filed his motion for default judgment, it was denied, and the Appellees' motion for enlargement of time was granted. The Appellees filed an Answer on March 26, 2001.

On July 5, 2001, Brown filed a motion for judgment on the pleadings. That motion was also denied. In addition, Brown filed a request for a jury trial. On September 7, 2001, the trial court denied that motion pursuant to Trial Rule 38 finding that none of the pleadings contained a request for trial by jury and the request was untimely. Appellant's App. p. 8. A bench trial was then scheduled for January 11, 2002. At trial, Brown failed to appear. Therefore, the trial court issued the following judgment:

> This matter comes before the Court for trial on Plaintiff's Complaint. The trial to the Court having been assigned, and notice given to all parties and counsel, Plaintiff, Frederick A. Brown fails to appear and Defendants appear by counsel, Edward M. Kohan.

> Plaintiff having failed to appear and Defendant being ready for trial, the Court NOW ENTERS a Default Judgment in favor of Defendants and against Plaintiff, Frederick A. Brown.

> IT IS THEREFORE ORDERED, ADJUDGED, and DECREED, that Plaintiff, Frederick A. Brown, shall take

nothing by way of his Complaint and this cause be and hereby is dismissed.

Appellant's App. p. 35.

On January 23, 2002, Brown filed a motion for relief from judgment pursuant to Trial Rule 60(B). In that motion, Brown alleged that he was ill on the date of trial and was therefore not transported to the Perry Circuit Court for trial. Furthermore, he stated that he was admitted to the hospital on January 14, 2002, and was released on January 16. Appellant's App. pp. 32–33. The trial court denied the motion. Brown now appeals.

### Discussion and Decision

■ As an initial matter, we note that the trial court improperly entered a default judgment in favor of the Appellees. The provisions of Indiana Trial Rule 55 apply to a party who has a claim for relief whether the claim is asserted by a complaint, a third-party complaint, a cross-claim, or a counterclaim, and a party may be defaulted "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules[.]" *See* Ind. T.R. 55(A) & (C). In this case, the Appellees have not asserted a claim against Brown, and therefore it was improper to enter a default judgment in their favor.[2]

■ However, the trial court did not abuse its discretion when it dismissed Brown's complaint. Although Brown did not designate his complaint as a small claims proceeding, the total amount he sought to recover was $13.05. Also, Brown filed a motion for default judgment

---

2. Furthermore, we note that even if the Appellees had asserted a counterclaim against Brown, and Brown had failed to appear at trial, an entry of default judgment would also be improper in that circumstance. *See Young v. Elkhart County Office of Family and Children*, 704 N.E.2d 1065, 1068 (Ind.Ct.App. 1999) (citing *Pinkston v. Livingston*, 554 N.E.2d 1173, 1176 (Ind.Ct.App.1990)) ("[W]hen the defendant has filed a responsive pleading, a default judgment is improper, even if the defendant fails to appear for trial.").

pursuant to Small Claims Rule 10(B).[3] Therefore, we will treat Brown's complaint as a small claims proceeding.

Pursuant to Small Claims Rule 10(A), if a plaintiff fails to appear for trial, the trial court may dismiss the action without prejudice. The claim may be dismissed with prejudice only if the claim is refiled and the plaintiff again fails to appear. *See* Ind. S.C.R. (10)(A); *Multivest Props. v. Hughes,* 671 N.E.2d 199, 201 (Ind.Ct.App. 1996) (quoting *Wood v. Zeigler Bldg. Materials, Inc.,* 436 N.E.2d 1168, 1170 (Ind. Ct.App.1982)) (" 'Dismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled.' ").

Brown argues that he has not received due process and "in the spirit of judicial equity and fair play" he should be given "an opportunity for further proceedings in which this cause may be heard." Br. of Appellant at 4–5. However, we note that Brown has never argued that he did not have notice of the January 11, 2002 trial date. In his motion for relief from judgment he merely argues that the Plainfield Correctional Facility failed to transport him to trial because he was ill.[4]

■ In response to Brown's argument, we observe that "(1) a court cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration; and (2) dismissal of the suit for failure to appear is not an abuse of discretion." *Hill v. Duckworth,* 679 N.E.2d 938, 939 (Ind.Ct.App. 1997) (citing *Rogers v. Youngblood,* 226

Ind. 165, 170, 78 N.E.2d 663, 665 (1948)). In *Hill,* our court addressed the inability of a prisoner to appear for trial and stated:

It may seem harsh to dismiss, on the basis of failure to prosecute, the civil lawsuit of a prisoner who is denied permission to attend trial. However, we observe that there were other avenues available to Hill by which he could prosecute his action without having to represent himself at a trial in the courthouse. Hill himself alluded to one such alternative in his Written Appearance on Court's Order to Show Cause, i.e., submitting the case to the court by documentary evidence. Although not intended to be an exhaustive list, it appears that several other possibilities were available to Hill, including: (1) trial by telephonic conference; (2) securing someone else to represent Hill at trial; and (3) postponing the trial until Hill's release from incarceration.

*Id.* at 940 n. 1. In *Rogers,* our supreme court also made the following observations:

[i]t is true that his confinement makes it impossible for him to appear in court and act as his own lawyer, but when anyone commits a felony and is convicted and is confined in State prison his ability to pursue his business in person and to exercise many other rights and privileges, which he otherwise might have had, are curtailed and in such curtailment his rights under the constitution are not violated. It is merely an incident of punishment.

*Id.* at 940 (quoting *Rogers,* 226 Ind. at 171, 78 N.E.2d at 665).[5]

---

**3.** We also observe that the Perry Circuit Court's jurisdiction includes a small claims docket. *See* Ind.Code § 33–4–1–62 (1996).

**4.** In their brief, the Appellees note that there is no evidence in the record that Brown ever requested a transport order.

**5.** In *Zimmerman v. Hanks,* 766 N.E.2d 752, 757 (Ind.Ct.App.2002), our court observed that a prisoner has a constitutional right to bring a civil action against a person who has injured him and implicit in the right to bring such action is the right to present one's claim to the trial court. Citing *Hill,* we reiterated our court's determination that regardless of

In this case, there is nothing in the record to suggest that Brown took any steps to secure his attendance at trial either in person or telephonically. He also failed to file a motion for a continuance. In addition, we note that prior to the scheduled trial date, Appellees' counsel indicated to Brown that the Appellees would not object to continuing the trial until Brown was released from prison.[6] Appellant's App. p. 29. Under these facts and circumstances, the trial court did not abuse its discretion when it dismissed Brown's complaint for failure to appear. However, the trial court's judgment does not indicate whether the dismissal was with or without prejudice. Pursuant to Small Claims Rule 10(A), Brown's com-

plaint should have been dismissed without prejudice, and we remand this case to the trial court to amend its order to specify that the dismissal was without prejudice. *See Zimmerman v. Hanks*, 766 N.E.2d 752, 754–55 (Ind.Ct.App.2002).

Affirmed, but remanded for proceedings consistent with this opinion.

BAKER, J., and RILEY, J., concur.

that constitutional right a prisoner does not have a right to be transported from prison to appear at trial. However, we also stated:

> A trial court should not be able to deprive a prisoner of his constitutional right to maintain a civil action by denying motions that the court can properly deny while concurrently ignoring the prisoner's requests

for other methods that would allow the prisoner to prosecute from prison.
*Id.* at 758.

6. At the time of trial, Brown's earliest projected release date was October 7, 2002. *See* Appellant's App. p. 82. Brown was actually released on September 12, 2002.