## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 29 2015, 8:12 am
CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Chris E. Harkins
Bunker Hill, Indiana

ATTORNEY FOR APPELLEE

J. Stephen Smith
Graydon Head & Ritchey LLP
Fort Mitchell, Kentucky

---

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chris E. Harkins, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Quick-Cash Pawn, Inc., <br> *Appellee-Defendant.* | December 29, 2015 <br><br> Court of Appeals Case No. 15A05-1505-SC-499 <br><br> Appeal from the Dearborn Superior Court No. 1 <br><br> The Honorable Jonathan N. Cleary, Judge <br><br> Trial Court Cause No. 15D01-1503-SC-260 |

**Bailey, Judge.**

# Case Summary

Chris E. Harkins ("Harkins"), *pro se*, appeals the trial court's dismissal of his small claims action. Harkins presents one issue for review, which we restate as: whether the trial court's dismissal effectively denied Harkins his constitutional right to bring a civil action. We reverse and remand for further proceedings.

# Facts and Procedural History

On March 5, 2015, while incarcerated in the Miami Correctional Facility, Harkins, *pro se*, filed a small claims action against Quick-Cash Pawn, Inc. ("Quick-Cash"), alleging that Quick-Cash "negligently, intentionally and wrongfully took possession of" a necklace Harkins pawned in 2014. (App. 9.) Harkins also filed a Verified Petition for an Order Waiving Filing Fees and Court Costs, to which he attached a report showing his prison trust account transaction history. The trial court granted Harkins's petition to waive fees and costs, and set the claim for a bench trial on May 6, 2015.

On April 17, 2015, Harkins requested that the court issue a subpoena to Quick-Cash to produce certain documents related to his pawn transactions. Harkins also requested a continuance so that the documents could be produced prior to trial. The subpoena was issued to Quick-Cash, but the trial court denied his motion to continue. Then, on April 22, 2015, counsel for Quick-Cash entered

an appearance and filed a motion to continue. The trial court granted Quick-Cash's motion, and the bench trial was rescheduled for May 13, 2015.[1]

[4] In a letter dated April 29, 2015 and filed May 4, 2015, Harkins, having not yet received the trial court's order granting Quick-Cash's motion to continue, objected to the motion. In the same letter, Harkins provided the court with various exhibits and documents related to his case "in the event a telephonic hearing takes place." (App. 25.) The trial court apparently treated Harkins's letter in part as a motion to participate via telephone.[2] In an order dated May 4, 2015, the trial court "notifie[d] Plaintiff that the request to participate by telephone is denied." (App. 45.)

[5] Harkins next filed a letter and motion asking the court to issue a transport order so that he could attend the bench trial. In the alternative, he requested to attend via teleconference, video, or telephone using equipment available from the prison library. Although not filed until May 11, 2015, the letter and motion were dated April 24, 2015, thus predating his previously-filed letter.[3]

[6] The bench trial was held as scheduled on May 13, 2015. At the outset, the trial court noted that Harkins filed his motion for transport only two days before

---

[1] Quick-Cash's motion and the court's order are not included in the Appendix, but were recorded in the Chronological Case Summary ("CCS").

[2] The CCS entry for May 4, 2015 reads in part: "motion to continue and participate in hearing telephonically w/exhibits filed by [plaintiff.]" (App. 2).

[3] It is unclear from the record why the letter and motion dated April 24 were not filed for over two weeks, while other letters and motions from Harkins were filed more quickly.

trial and that the court "currently does not have the technology to do a teleconference hearing[.]" (Tr. 1.) The court therefore denied his motion for transport and request to attend via teleconference, video, or telephone. Because Harkins was not present, Quick-Cash then orally moved to dismiss. The court granted the motion to dismiss and entered a written judgment order stating that Harkins did not appear and the claim was dismissed without prejudice.

[7] By a letter and attachments dated May 12, 2015 and filed May 18, 2015, Harkins filed a number of motions based on the trial court's May 4, 2015 order denying his request to appear via telephone.[4] Harkins reasoned that due to the court's order, he was "precluded from prosecuting his claim in the traditional manner[.]" (App. 51.) He therefore moved for leave to argue his claim via a written brief and accompanying memorandum of law, serve interrogatories in lieu of eliciting testimony at trial, and amend his complaint to provide the court further information about his claim. On May 19, 2015, the trial court denied the motions because "[t]his cause number was dismissed on May 13, 2015." (App. 64.)

[8] Harkins now appeals the trial court's dismissal of his small claim.

# Discussion and Decision

---

[4] Harkins did not receive the court's May 4 order until May 12.

[9] The Indiana Small Claims Rules govern all small claims proceedings in Indiana courts. Ind. Small Claims Rule 1(A). "Small claims courts and the small claims divisions of general jurisdiction courts are intended to be places where justice may be dispensed inexpensively and promptly." *Flint v. Hopkins*, 720 N.E.2d 1230, 1231-32 (Ind. Ct. App. 1999). Small Claims Rule 10(A) provides: "If the plaintiff fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may dismiss the action without prejudice." Rule 10(A) "authorizes dismissal without prejudice when a plaintiff has once failed to appear for a hearing." *Wood v. Zeigler Bldg. Materials, Inc.*, 436 N.E.2d 1168, 1170 (Ind. Ct. App. 1982).

[10] Harkins failed to appear at the scheduled bench trial (although not because of a lack of diligence on his part), and the trial court dismissed the claim without prejudice as authorized by Small Claims Rule 10(A). Nevertheless, Harkins argues that the trial court's orders denying his motions – for transport, to attend via teleconference, video, or telephone, and later to argue his claim via a written brief – effectively denied him his constitutional right to bring a civil action.

[11] Article 1, Section 12 of the Indiana Constitution provides, in part: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law." A prisoner clearly has a constitutional right to bring a civil action against persons who have injured him. *Zimmerman v. Hanks*, 766 N.E.2d 752, 757 (Ind. Ct. App. 2002).

"Moreover, implicit in this right to bring a civil action is the right to present one's claim to the trial court." *Id.*

[12] Here, the trial court rightly dismissed Harkins's motion for transport order because it was not within the court's authority to secure his attendance at a civil action unrelated to the case resulting in incarceration. *See id.* (citing *Hill v. Duckworth*, 679 N.E.2d 938, 939 (Ind. Ct. App. 1997). But the trial court also denied Harkins's request to participate telephonically with submitted exhibits and his formal motion to proceed via teleconference, video, or telephone in lieu of transport. Immediately after receiving notice of the court's first denial and realizing that the court's order effectively prevented him from prosecuting his claim "in the traditional manner" (App. 51), Harkins diligently moved for leave to argue his claim via a written brief and accompanying memorandum of law. Nevertheless, the court denied his motions because the cause had already been dismissed for failure to appear, despite the court's knowledge that Harkins was a prisoner who had been denied the ability to participate via teleconference, video, or telephone.[5]

---

[5] Harkins contends that his motions mailed on May 12, 2015, but not filed until May 18, 2015, were subject to the prison mailbox rule. The prison mailbox rule "provides that pro se filings from an incarcerated litigant are considered filed at the time they are delivered to prison authorities for forwarding to the court." *Lawrence v. State*, 915 N.E.2d 202, 205 (Ind. Ct. App. 2009), *trans. denied*. In Indiana, the prison mailbox rule has not explicitly been extended to civil filings. However, because we hold that the court's orders collectively denied Harkins an opportunity to present his case, we decline to reach the question of whether the prison mailbox rule applies to his filings.

[13] As this court has previously observed, a "trial court should not be able to deprive a prisoner of his constitutional right to maintain a civil action by denying motions that the court can properly deny while concurrently ignoring the prisoner's requests for other methods that would allow the prisoner to prosecute from prison." *Zimmerman*, 766 N.E.2d at 758. By denying Harkins's motions, the court effectively denied him his constitutional right to prosecute his small claim.

[14] In this case, the statute of limitations governing Harkins's claim will likely expire before he is released from prison and able to prosecute his claim in person.[6] Therefore, some means must exist by which Harkins can prosecute his claim while still incarcerated so that his constitutional right is not denied. *Id.* At the bare minimum, the court could have granted Harkins's request to submit the case by documentary evidence. But when widely-used cell phone technology enables ordinary citizens to communicate via video in real time, we are hard-pressed to believe that the trial court could not find some way for Harkins to participate remotely so as to provide him with meaningful access to the courts and preserve his constitutional right. Nonetheless, we reserve for the trial court the decision as to how the hearing should be conducted on remand. *See Murfitt v. Murfitt*, 809 N.E.2d 332, 335 (Ind. Ct. App. 2004) (after finding that an incarcerated defendant was denied the ability to defend his interests in

---

[6] Counsel for Quick-Cash informed the trial court at the bench trial that "Mr. Harkins is incarcerated until about two thousand twenty five[.]" (Tr. 1.)

divorce proceedings, remanding the case but reserving to the trial court the method for conducting a new hearing).

# Conclusion

By dismissing Harkins's case for failure to appear while concurrently denying his motions to proceed by alternate means, the trial court effectively denied Harkins his constitutional right to prosecute his small claim. We reverse the trial court's dismissal and order the court to provide Harkins some manner of prosecuting his claim.

Reversed and remanded.

Vaidik, C.J., and Crone, J., concur.