## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 06 2016, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Anthony Fisher
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Fisher,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Charles Nightingale,<br>*Appellee-Respondent* | January 6, 2016<br><br>Court of Appeals Case No.<br>64A04-1502-SC-83<br><br>Appeal from the Porter Superior Court<br><br>The Honorable David Chidester, Judge<br><br>Trial Court Cause No.<br>64D04-1412-SC-4425 |

**Robb, Judge.**

# Case Summary and Issue

[1] Anthony Fisher, *pro se*, appeals the small claims court's order dismissing his complaint for failure to prosecute. Fisher raises a single issue on appeal,

whether the small claims court denied Fisher his constitutional right to bring a civil action. We reverse.

## Facts and Procedural History

On December 5, 2014, Fisher—while incarcerated in the Pendleton Correctional Facility—filed a small claims action again Charles Nightingale. Fisher alleged Nightingale defrauded Fisher of $4,000. Also on December 5, the small claims court scheduled a hearing for January 30, 2015. Then, on December 9, acknowledging Fisher was incarcerated in the Pendleton Correction Facility, the small claims court issued an order stating, "The Court will not transport from DOC for small claim court. *The case will be called for trial 1/30/15 at 9 A.M.* If [Fisher] if [sic] not present, matter will be dismissed." Chronological Case Summary, Page 1 (emphasis added).

On January 5, 2015, Fisher filed a Motion for Trial by Affidavit or in the Alternate for Plaintiff to Attend Trial by Video Conference. The small claims court did not rule on Fisher's motion. On January 30, Fisher was unable to attend the trial due to his incarceration, and the small claims court dismissed the action.

## Discussion and Decision

Fisher contends the small claims court denied his constitutional right to maintain a civil action because it dismissed his complaint without providing an alternate method to prosecute the action. Article 1, section 12 of the Indiana

Constitution provides, "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have a remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily and without delay." Prisoners have a constitutional right to bring a civil action. *Zimmerman v. Hanks*, 766 N.E.2d 752, 757 (Ind. Ct. App. 2002). Prisoners who bring civil lawsuits, however, have no right to a transport order. *Id.* Therefore, the small claims court did not err in not issuing a transport order for Fisher to be brought to the trial.

> Still, some avenue must exist for an incarcerated plaintiff to prosecute his claim, and we have previously noted that there are several alternatives to personal appearance in court, including submitting the case to the court on documentary evidence, telephonic conference, securing someone else to represent the plaintiff, and postponing the hearing until the plaintiff's release.

*Adams v. Arvin Meritor, Inc.*, No. 49A02-1406-PL-465, 2015 WL 8319119, at *10 (Ind. Ct. App. Dec. 9, 2015) (internal citation omitted). Despite knowing it was impossible for Fisher to attend trial due to his incarceration, the small claims court nonetheless ordered Fisher be present at trial, and made it clear that if Fisher failed to attend, the small claims court would dismiss the cause of action. The small claims court's order completely, and prematurely, foreclosed any avenue for Fisher to prosecute his claim. *See id.* Therefore, when the small claims court dismissed the cause of action after Fisher did not attend the scheduled trial date, the small claims court denied Fisher's constitutional right to prosecute his claim.

# Conclusion

By foreclosing any alternative avenue for Fisher to maintain his claim, the small claims court denied Fisher's constitutional right to prosecute his claim. Accordingly, we reverse the dismissal of his small claims action.

Reversed.

Barnes, J., and Altice, J., concur.