ROGERS *v.* NAT YOUNGBLOOD, JUDGE, VANDERBURGH CIRCUIT COURT

[No. 28,444. Filed April 16, 1948.]

166

Kenneth Rogers, *pro se.*

Nat H. Youngblood, *pro se.*

YOUNG, J.—This is an original action in this court. In the petition it is alleged that on August 21, 1947, petitioner was taken into custody by the sheriff of Vanderburgh County, Indiana, and at the time owned and had in his possession certain personal property; that on October 16, 1947, he was convicted of a felony and is now serving a term in the Indiana State Prison; that the sheriff has resisted all efforts of petitioner to regain possession of his property; that petitioner is without funds to hire an attorney to assist him in recovering said property from said sheriff and, therefore, acting as his own attorney filed an action in replevin in the Vanderburgh Circuit Court on January

15, 1948, to recover said property; that this case was set for trial on March 19, 1948, and petitioner filed a verified motion in the Vanderburgh Circuit Court requesting the court to order his return to Vanderburgh County for the trial; that his petition to be returned to Vanderburgh County was denied and thereupon, still acting as his own attorney, he filed a verified request that a subpoena be issued for his presence at the hearing of said action in replevin on March 19, but that no subpoena was issued for him as requested; that on March 19, his action in replevin was dismissed by the court for want of prosecution.

Petitioner further alleges that the dismissal of his action in replevin violated petitioner's constitutional rights under the due process clause of the Constitution of the United States.

In substance, petitioner asks that we mandate respondent to set aside the dismissal of his replevin action and to set it for trial and to order his return to Vanderburgh County for the trial of said cause.

It will be observed that, while this is one of those proceedings where prisoners in the Indiana State prison act for themselves in the preparation and filing of petitions for relief to which they think themselves entitled in this court, it is not one of the usual cases where the help of this court is requested in obtaining the hearing of proceedings in trial courts, the purpose of which is to obtain the release of petitioners from prison. This is a petition by a prisoner to obtain our help in prosecuting a civil action.

In the preparation and filing of this proceeding petitioner has completely failed to observe the rules of court prescribed in such matters. Rule 2-35 provides that writs of mandate shall be filed in triplicate. This was not done. This rule also provides that

if the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits to the complaint. This was not done. We might well deny the petition herein for failure to comply with our rules, *State, ex rel.* v. *Owen, Judge* (1948), 225 Ind. 601, 77 N. E. 2d 123; *State ex rel.* v. *Parke Circuit Court* (1948), ante p. 55, 77 N. E. 2d 740, but have elected to examine the petition and undertake to determine petitioner's rights thereunder even though handicapped in this effort by lack of copies of the complaint in the replevin action and the order of dismissal of said action, and the petition requesting a return of petitioner for the trial of his replevin action and the order disposing of same, and the petition for a subpoena and the court record, if any, showing disposition of same.

In the first place our statute requires that proceedings for mandate shall be brought in the name of the State of Indiana on the relation of the party in interest. § 3-2201, Burns' 1946 Replacement. It has been held that this statutory provision is mandatory and that it is legally impossible for an action of mandate to be prosecuted by one in his individual and personal capacity. In *Board of Public Safety* v. *Walling* (1934), 206 Ind. 240, 246, 187 N. E. 385, this question was brought specifically before the court for consideration and the appeal was dismissed and this court used the following language on pp. 546 and 547:

". . . Express statutory provision requires actions for mandate to be brought in the name of the state on the relation of the party in interest. It is legally impossible for an action of mandate to be prosecuted by one in his individual and personal

capacity. The statute requires the State of Indiana to be included. This is not a mere nominal requirement; it is a statutory recognition of the fact that the State has an interest in the particular type of relief which is secured in an action of mandate. In a sense the State is allowing an individual to enforce in the name of the State a remedy which the individual, as such, is not entitled to have. Since the relators in their individual capacity were not, and could not be, parties to this suit below, they cannot be made parties appellee in the face of the express provision of the statute denying to them the capacity to prosecute this action of mandate."

In the case before us petitioner has attempted to bring this proceeding for a writ of mandate in his own name and not in the name of the State on his relation, and having no right as an individual to maintain the purported action his petition should be denied.

This court has said, that the only statutory provision for the return of a prisoner confined in a state prison is what is now known as § 9-1623, Burns' 1942 Replacement, *Carman et al.* v. *State* (1935), 208 Ind. 297, 309, 196 N. E. 78, and we have made further search at this time and find no other provision. Said § 9-1623, *supra,* provides only for the return of persons confined in prison to testify at a trial upon an indictment or affidavit or upon a hearing before a grand jury. For such purposes the court may order a subpoena to be issued and directed to the warden of the prison where the witness is confined, commanding him to bring a witness before the court.

Petitioner's situation does not bring him within the purview of this statute. He asks to be brought from prison to a court room hundreds of miles away in order that he may as his own attorney conduct a civil action wherein he is plaintiff. We have found no authority which would permit such pro-

cedure. Generally speaking a court has no jurisdiction over a prisoner after he has been convicted, sentenced and delivered to prison pursuant to a commitment, 24 C. J. S., Criminal Law, p. 120, and does not have a right to order his return to court even temporarily except in connection with matters relating to the case in which he was sentenced. Releases for unrelated purposes must be by the governor under the provision of the constitution which gives him the exclusive power to grant reprieves, commutations and pardons after conviction. Art. 5, § 17, Constitution of Indiana. *Butler* v. *State* (1884), 97 Ind. 373, 375; *Diamond* v. *State* (1924), 195 Ind. 285, 301, 144 N. E. 250.

Petitioner also asks us to require respondent judge to set aside the dismissal of his replevin action. Courts are endowed with large administrative discretion in the conduct of their business and in the absence of abuse of discretion this court will not interfere in such matters. It seems clear from the circumstances disclosed by the petition herein that the petitioner was not present on the day the case was set for trial. This would constitute a failure to prosecute and, ordinarily, would be good ground for dismissal. The fact that petitioner was confined in the State prison upon a conviction of a felony and, therefore, could not be present to conduct his own trial, does not indicate to us an abuse of discretion by the court. There was no showing of any likelihood that when set again petitioner would be ready to proceed. Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.

It may seem harsh to petitioner that he is denied the right to prosecute his action for the possession of his

property alleged to have been taken by the sheriff, but that is not done. He still has the right to sue. It is true that his confinement makes it impossible for him to appear in court and act as his own lawyer, but when anyone commits a felony and is convicted and is confined in State prison his ability to pursue his business in person and to exercise many other rights and privileges, which he otherwise might have had, are curtailed and in such curtailment his rights under the constitution are not violated. It is merely an incident of punishment.

In connection with petitioner's thought that he is being deprived of his right to prosecute his replevin action it has occurred to us that one of the duties of a lawyer, which he swears to perform when he is admitted to the bar in Indiana, is "never to reject from any consideration personal to himself the cause of the defenseless or oppressed." § 4-3608, Eighth, Burns' 1946 Replacement. It is altogether probable that if there is any merit in petitioner's claim and his situation is brought to the attention of the bar of Vanderburgh County counsel will be made available to him, even though he be a pauper.

The petition is denied.

NOTE.—Reported in 78 N. E. 2d 663.