**Johnny M. HILL, Appellant–Plaintiff,**

**v.**

**Jack DUCKWORTH and Scott Brenneke, Appellees–Defendants.**

**No. 48A02–9701–CV–21.**

Court of Appeals of Indiana.

May 12, 1997.

Johnny M. Hill, Pendleton, Pro Se.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General Indianapolis, for Appellees–Defendants.

## OPINION

FRIEDLANDER, Judge.

Johnny M. Hill presents as the sole issue for review the dismissal of his small claims action against Jack Duckworth and Scott Brenneke.

We affirm.

The facts favorable to the judgment are that Hill is incarcerated at the Indiana State Reformatory in Pendleton, Indiana. After following established administrative procedures, Hill filed a small claims action naming as defendants Superintendent Jack Duckworth and Lieutenant Scott Brenneke, claiming that Reformatory staff had lost certain items of Hill's personal property.

The court set the matter for trial on May 13, 1996. Hill did not appear at the trial and the Reformatory submitted an oral motion to dismiss the case. The court gave Hill ten days to appear and show why the cause should not be dismissed. Hill thereafter filed a timely Written Appearance on Court's Order to Show Cause and trial was reset for August 30, 1996. Hill again failed to appear for trial. The Reformatory subsequently filed a motion to dismiss. The trial court granted the motion and dismissed Hill's action with prejudice based upon Hill's failure to appear.

■ A Trial Rule 41(E) dismissal for failure to prosecute will be reversed on appeal only for a clear abuse of discretion. An abuse of discretion occurs only if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Lee v. Friedman,* 637 N.E.2d 1318 (Ind.Ct.App. 1994).

■ In a case similar in all important respects to the instant case, our supreme court determined that: (1) a court cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration; and (2) dismissal of the suit for failure to appear is not an abuse of discretion. *See Rogers v. Youngblood,* 226 Ind. 165, 78 N.E.2d 663 (1948).

The following excerpts from *Rogers* are dispositive of Hill's appeal:

Generally speaking a court has no jurisdiction over a prisoner after he has been convicted, sentenced and delivered to prison pursuant to a commitment, [citation omitted], and does not have a right to order his return to court even temporarily except in connection with matters relating to the case in which he was sentenced. Releases for unrelated purposes must be by the governor under the provision of the constitution which gives him the exclusive power to grant reprieves, commutations and pardons after conviction. . . .

Petitioner also asks us to require respondent judge to set aside the dismissal of his replevin action. Courts are endowed with large administrative discretion in the conduct of their business and in the absence of abuse of discretion this court will not interfere in such matters. It seems clear from the circumstances disclosed by the petition herein that the petitioner was not present on the day the case was set for trial. This would constitute a failure to prosecute and, ordinarily, would be good ground for dismissal. The fact that the petitioner was confined in a State prison upon a conviction of a felony and, therefore, could not be present to conduct his own trial, does not indicate to us an abuse of discretion by the court. There was no showing of any likelihood that when set again petitioner would be ready to proceed. Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be

considered. He should not be left with a lawsuit hanging over his head indefinitely.

It may seem harsh to petitioner that he is denied the right to prosecute his action for the possession of his property alleged to have been taken by the sheriff, but that is not done. He still has the right to sue. It is true that his confinement makes it impossible for him to appear in court and act as his own lawyer, but when anyone commits a felony and is convicted and is confined in State prison his ability to pursue his business in person and to exercise many other rights and privileges, which he otherwise might have had, are curtailed and in such curtailment his rights under the constitution are not violated. It is merely an incident of punishment.

*Rogers*, 78 N.E.2d at 665.

Based upon the foregoing authority, we conclude that the trial court did not abuse its discretion in dismissing Hill's action.[1]

Judgment affirmed.

KIRSCH and RILEY, JJ., concur.

---

1. It may seem harsh to dismiss, on the basis of failure to prosecute, the civil lawsuit of a prisoner who is denied permission to attend trial. However, we observe that there were other avenues available to Hill by which he could prosecute his action without having to represent himself at a trial in the courthouse. Hill himself alluded to one such alternative in his Written Appearance on Court's Order to Show Cause, i.e., submitting the case to the court by documentary evidence. Although not intended to be an exhaustive list, it appears that several other possibilities were available to Hill, including: (1) trial by telephonic conference; (2) securing someone else to represent Hill at trial; and (3) postponing the trial until Hill's release from incarceration. Unfortunately, Hill did not pursue any of these alternatives.