Edward J. NIKSICH, Appellant
(Plaintiff below),

v.

Zettie COTTON and Steve Van Cleave,
Appellees (Defendants below).

No. 48S02–0402–CV–80.

Supreme Court of Indiana.

June 24, 2004.

Edward J. Niksich, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 48A02–0210–CV–851.

BOEHM, Justice.

We hold that a small claims notice of claim is sufficient if it states the general nature of the claim. A notice of claim need not allege facts that establish a right to recovery. However, a small claims court may grant a defendant's motion to dismiss the notice of claim if it is apparent from the face of the notice of claim that the plaintiff is precluded from recovery. If the dismissal is for failure to meet a pleading requirement applicable to the particular claim, the plaintiff is entitled as of right to file an amended notice of claim within the ten-day period allowed by Trial Rule 12(B). Finally, an incarcerated plaintiff does not have an absolute right to be present at a civil trial.

**Factual and Procedural Background**

We take the allegations of the complaint as true for purposes of this appeal from the trial court's grant of a motion to dismiss for failure to state a claim. Edward Niksich is incarcerated at the Pendleton Correctional Facility. In September 2001, Niksich was transferred to a dormitory that had no facilities for individual television sets. His television set was transferred to the commissary, and when he retrieved it two months later, it did not work. He filed this action in small claims court seeking redress.

Section 5(c) of the Indiana Tort Claims Act, Ind.Code § 34–13–3–5(c) (2003), requires a complaint against a government employee in the employee's individual capacity to allege that the employee's act or omission was either criminal, outside the scope of employment, malicious, willful and wanton, or for the personal benefit of the employee. The complaint is also required to set forth a reasonable factual basis supporting those allegations. The Act also provides that a "lawsuit alleging that the employee acted within the scope of the employee's employment bars an action … against the employee personally." I.C. § 34–13–3–5(b).

Niksich sent a Tort Claims Act Notice in November 2001, and on May 22, 2002, he filed a "Notice of Small Claim and Attached Complaint" in small claims court naming two employees of the facility as defendants. The complaint identified the two individuals and their job titles, and

alleged the surrender and return of his television, but did not make clear whether the alleged conduct of the two individuals was within the scope of their employment, or whether the two defendants were sued in their official capacities, in their individual capacities, or both. He also requested that he be transported to the court for trial.

The defendants moved to dismiss on the basis that Niksich failed to include the allegations necessary to sue the defendants individually, and also failed to name the facility as the real party in interest. On August 12, 2002, the trial court granted the motion to dismiss with prejudice and denied Niksich's motion to be transported. Six days later, Niksich attempted to amend his notice of claim. Niksich's amended notice of claim made clear that he named one of the defendants because he was the superintendent of the prison and the other because he was the supervisor of the department overseeing the custody of the television set. The trial court denied leave to amend. On appeal, the Court of Appeals held that a notice of claim could not be dismissed for failure to state a claim because Trial Rule 12(B) does not apply in small claims cases and remanded. *Niksich v. Cotton*, 793 N.E.2d 1189, 1190–91 (Ind.Ct.App.2003). We granted transfer. *Niksich v. Cotton*, 2004 Ind. LEXIS 129 (Ind.2004).

This appeal raises three issues, which we restate as: 1) whether a small claims court proceeding may be dismissed on motion, 2) whether the trial court properly denied Niksich's motion for leave to amend his notice of claim, and 3) whether the trial court properly denied Niksich's motion to be present at the small claims trial.

## I. Motions to Dismiss in Small Claims Proceedings

Indiana Trial Rule 1 provides that the Trial Rules govern "the procedure and practice in all courts of the state of Indiana in all suits of a civil nature...." Small Claims Rule 1(A) provides that the Small Claims Rules apply "to all small claims proceedings...." The Court of Appeals has held the Trial Rules govern small claims proceedings to the extent the two sets of rules do not conflict, but where the two conflict, the Small Claims Rules apply. *Muenich v. Gulden*, 579 N.E.2d 665, 666 (Ind.Ct.App.1991). We agree.

Small Claims Rule 10 provides for dismissal or default for the failure of a party to appear. The Small Claims Rules have no express counterpart to Trial Rule 12, and the Court of Appeals construed Small Claims Rule 10 to provide the only basis for dismissal of a small claims action without a trial. So viewed, Rule 10 would conflict with Trial Rule 12(B)(6) which permits dismissal of a complaint for failure to allege all elements of a claim.

The Trial Rules differ from the Small Claims Rules in that a small claims action is initiated by filing a "notice of claim" which is to include "a brief statement of the nature ... of the claim...." S.C.R. 1(B)(4). The Trial Rules require a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." T.R. 8(A)(1). There is a substantial body of law on the precise meaning of this requirement. It is sufficient for these purposes to note the summary often recited by this Court and the Court of Appeals: a complaint in an ordinary civil action may not be dismissed for failure to state a claim "unless it is clear on the face of the complaint that the complaining party is not entitled to relief." *City of Gary v. Smith & Wesson*, 801 N.E.2d 1222, 1229 (Ind.2003). As a general proposition, however, a small claims notice of claim is not required to set forth facts establishing a right to recover. Rather, small claims courts are intended to be used by non-lawyers. A notice of claim

is sufficient if it sets forth, as the Rule provides, a "brief statement of the nature of the claim." This more relaxed standard may be met by setting forth facts sufficient to identify the dispute, even if facts essential to recovery are not alleged. Thus, a civil complaint subject to a Rule 12(B)(6) motion for failure to include essential facts may nonetheless be sufficient to present a claim in a small claims court.

■ Although a small claims "notice of claim" is granted substantial leeway, a motion to dismiss may nevertheless be appropriate in some cases. We do not view Small Claims Rule 10 as setting out an exclusive list of grounds for dismissal of a small claims action. To the contrary, a small claims case may be dismissed when it is apparent from the complaint that the pleader is not entitled to relief. The Court of Appeals recently wrestled with this issue in *Bedree v. DeGroote*, 799 N.E.2d 1167 (Ind.Ct.App.2003), decided about three months after the opinion of the Court of Appeals in this case. *Bedree* involved a disgruntled plaintiff who filed suit in Allen County Small Claims Court against the judge who presided over a previous case brought by the plaintiff. Allen County Small Claims Rule 8(C), provides that "[t]he cause or any pending pleadings ... may be dismissed with or without prejudice upon order of the Court...." The defendant-judge successfully moved to dismiss based on judicial immunity because the claim made clear the allegedly wrongful acts were the defendant-judge's judicial acts. On appeal, the Court of Appeals held that this rule permitted dismissal if the "outcome is a foregone conclusion as a matter of law." *Bedree*, 799 N.E.2d at 1177.

We agree with *Bedree* that a motion to dismiss is appropriate if the "brief statement of the claim" reveals that, as a matter of law, the plaintiff cannot prevail. Where, as in *Bedree*, the brief statement makes clear that the defendant's actions consisted of judicial rulings, judicial immunity is a bar, and dismissal is appropriate. A motion pursuant to Rule 12(B)(6) is an appropriate vehicle to present that issue to a small claims court, whether or not there is a local rule similar to Allen County Small Claims Rule 8(C). Other Rule 12(B) motions may also be appropriate in small claims actions. Lack of personal or subject matter jurisdiction, insufficient process, and a host of other dispositive issues are properly asserted by motion. In sum, a 12(B)(6) motion may not dismiss a claim in small claims court when a plaintiff merely fails to plead the facts of a claim that would be required of a complaint subject to the Trial Rules. But if a dispositive issue is revealed by the notice of claim, a 12(B)(6) motion is available, just as other Rule 12 motions may be made in small claims actions.

■ Subsection 5(c) of the Tort Claims Act provides that a claim against employees in their individual capacities must allege that the acts complained of were, "criminal, outside the scope of employment, malicious, willful and wanton, or for the personal benefit of the employee." Although the statute formulates this as a pleading requirement, it also amounts to a legislative establishment of substantive elements of a claim. *Cf. Miner v. Southwest Sch. Corp.*, 755 N.E.2d 1110, 1113–14 (Ind. Ct.App.2001). Niksich's notice of claim did not allege any of these specific circumstances necessary to establish a right to relief against the individuals. For that reason, it did not state a claim against the defendants in their individual capacities nor did it allege that the employees were acting within the scope of their employment. However, we do not agree that these pleading issues warranted dismissal of the notice of claim with prejudice.

■ Unlike the subsection 5(c) requirements to sue a state employee individually, there is no requirement of specific pleading for a claim against the State that an employee is acting within the scope of employment. We have held that a state employee may rely on the facts to establish that the employee was within the scope and therefore there was no individual liability. *Bushong v. Williamson,* 790 N.E.2d 467, 473 (Ind.2003). In that case, the plaintiff made clear the claim was against only the employee, and not against the State. Here, Niksich did give a timely notice of intent to sue the State and his notice of claim states that he seeks redress against employees in their official capacities. Accordingly, the original notice of claim was sufficient to present a claim against the State. Indeed, by his timely tort claim notice in November, Niksich alerted the State of his potential claim against it. The State was correct in its contention that the proper party had not been named as the defendant. We conclude, however, that failing to name the State as a party is not a basis to dismiss a small claims action where the complaint sufficiently alleges a claim against the State, the notice of claim names state officials in their official capacities, and the Tort Claims Act notice has been timely given.

## II. Niksich's Attempt to Amend His Notice of Claim

On August 12, 2002, the trial court dismissed Niksich's claim with prejudice. On August 14, 2002, the trial court denied Niksich's motion to reconsider and his motion to amend his notice of claim. In Niksich's tendered amended notice of claim, he stated he intended to sue the two individuals in both their individual and official capacities. Trial Rule 12(B) provides that after a dismissal pursuant to Rule 12(B)(6), "the pleading may be amended once as of right ... within ten (10) days

after service of notice of the court's order sustaining the motion. . . ." The State contends that the amended notice of claim was just as deficient as the first, and that to overcome this deficiency Niksich was required to name the Pendleton correctional facility or state facts that establish a claim against the employees individually.

■ The State is correct that even Niksich's amended notice of claim does not contain sufficient allegations to support a lawsuit against these defendants in their individual capacities. But the amended notice purported to name the defendants in both their individual and official capacities. Moreover, in his amended complaint Niksich expressly stated he "invokes the state doctrine of respondent [sic] superior" in the defendant's "supervisory responsibility." This is sufficient to set out in the "notice of the claim" that the defendants were acting within the scope of their employment, and therefore is sufficient to sue the government entity under Indiana Code section 34–13–3–5(b) (2003). Accordingly, Niksich's amended notice of claim was sufficient to present a claim against the prison employees in their official capacities, thus effectively suing the prison.

■ Even in an action governed by the Trial Rules, designating state employees as defendants by name or position is sufficient to sue a state agency. *See Brown v. State,* 781 N.E.2d 773, 774 n. 1 (Ind.Ct. App.2003). Small Claims Rule 2(B) governs the notice of claims and provides that the notice of claim shall contain, inter alia, "[t]he name, address and telephone number of the claimant and defendant(s)." In section 1983 litigation the Court of Appeals has noted that "[i]f a plaintiff seeks to sue public officials in their personal capacities or in both their personal and official capacities, the plaintiff should expressly state so in the complaint." *Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429, 434

(Ind.Ct.App.1996). Niksich did exactly that when he filed his amended complaint. As such, Niksich brought suit against the officials in their official capacities and his amended complaint is sufficient to bring a claim against the correctional facility.

 Under the Trial Rules, if a motion is granted under Rule 12(B)(6) the plaintiff, as a matter of right, has ten days to amend. Although the Small Claims Rules include no express provision on this point, they should be interpreted at least as liberally. The original complaint was defective as to the individuals because of specific statutory pleading requirements, and did not make clear that a claim against the State was asserted. After the trial court chose to dismiss for failure to name the State, it erred in denying leave to amend when the amended notice made clear that a claim was being asserted for conduct within the scope of the individual's employment. Whether Niksich can successfully establish any of his claims is, of course, another matter.

### III. Niksich's Right to be Present

 The trial court refused either to issue a transport order or to hold the trial at the prison. That issue was mooted by the trial court's dismissal of the notice of claim. However, because the issue will recur on remand, we address it now. Niksich contends this violated his constitutional right to bring and maintain a civil action. Niksich has the right to bring a civil action. He does not have an absolute right to be present as a matter of federal due process. *See, e.g., Muhammad v. Warden, Baltimore City Jail,* 849 F.2d 107, 111–12 (4th Cir.1988); *Helminski v. Ayerst Labs.,* 766 F.2d 208, 213 (6th Cir. 1985). As we recently observed in *Jordan v. Deery,* 778 N.E.2d 1264, 1272 (Ind.2002), even where the right to a jury trial applies, the right of a party to be present is not absolute. Rather, under "extraordinary circumstances" presence of a party may not be required. *Id.* An incarcerated plaintiff may present such circumstances. Niksich may seek to submit the case through documentary evidence, to conduct the trial by telephonic conference, to secure someone else to represent him at trial, or to postpone the trial until his release from incarceration. *Hill v. Duckworth,* 679 N.E.2d 938, 940 n. 1 (Ind.Ct. App.1997). We think the trial court has wide discretion in selecting any of these options after evaluating the prisoner's need to be present against concerns of expense, security, logistics and docket control. *Muhammad,* 849 F.2d at 111.

### Conclusion

The trial court's dismissal of Niksich's amended notice of claim is reversed. The denial of Niksich's request for a transport order is affirmed. This case is remanded for further proceedings.

SHEPARD, C.J. and DICKSON, SULLIVAN and RUCKER, JJ., concur.