UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 17, 2006[*]
Decided February 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 02-4273 & 04-3773

| | |
|---|---|
| JAMES H. HIGGASON, JR.,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>HOWARD MORTON, et al.,<br>*Defendants-Appellees.* | Appeals from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:98-CV-105 RM<br><br>Robert L. Miller, Jr.<br>*Chief Judge.* |

### O R D E R

These consolidated appeals arise out of a single incident that is now almost 13 years in the past and has been the subject of two earlier appeals.  On April 15,

---

[*]After an examination of the briefs and the records, we have concluded that oral argument is unnecessary.  Thus these appeals are submitted on the briefs and the records.  *See* Fed. R. App. P. 34(a)(2).

1993, Indiana inmate James Higgason[1] was removed from his cell at the Indiana State Prison and placed in disciplinary segregation. It is undisputed that when Higgason left for segregation he possessed considerable personal property in his cell. That day, instead of inventorying Higgason's property and storing it in the property room as dictated by prison policy, guards opened Higgason's cell and allowed other inmates to steal most of his belongings. The guards then disposed of Higgason's remaining property. When Higgason returned to his cell approximately three weeks later, all of his personal property was missing.

In September 1993, Higgason filed suit under 42 U.S.C. § 1983 alleging that 12 different guards were responsible for the loss of his property. He claimed that their actions deprived him of property without due process of law and, because the missing items included legal documents essential to his appeal of *Higgason v. Rosko*, No. S91-563M (N.D. Ill. Apr. 8, 1993), *aff'd sub. nom. Higgason v. Adank*, No. 93-2000 (7th Cir. Feb. 3, 1994) (summary disposition), impeded his First Amendment right of access to the courts. The district court dismissed Higgason's complaint in 1995. The court reasoned that he failed to state a due process claim because the Indiana Tort Claims Act afforded an adequate postdeprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). The court also reasoned that the loss of Higgason's legal materials could not have denied him access to the courts since his appeal of *Higgason v. Rosko* had been dismissed as frivolous in the interim, and thus no injury resulted. We affirmed the dismissal of Higgason's complaint. *See Higgason v. Barnes*, 95 F.3d 1154 (7th Cir. 1996) (unpublished order).

Higgason then sued the guards in the small claims court of LaPorte County, Indiana. The state court set the case for trial in December 1997, but when Higgason requested to be transported to court, the defendants objected, arguing that under *Hill v. Duckworth*, 679 N.E.2d 938 (Ind. Ct. App. 1997), the state court had no jurisdiction to order Higgason's transport. In *Hill*, the Indiana appellate court affirmed the dismissal with prejudice of an inmate's case in small claims court because the inmate failed to appear for trial on two separate occasions. *Id.* at 940. The *Hill* court relied on a 1948 state supreme court decision holding that Indiana courts cannot order an inmate's attendance for a matter unrelated to the underlying conviction, *see Rogers v. Youngblood*, 78 N.E.2d 663, 665 (Ind. 1948), and reasoned that "there were other avenues available to [the inmate] by which he could

---

[1]Higgason's plethora of *pro se* litigation in the federal courts led us to restrain him from filing further lawsuits subject to limited exceptions. *Higgason v. Shroyer*, No. 98-1973 (7th Cir. Feb. 12, 1999) (unpublished order); *see Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) (per curiam). These appeals arise from a suit filed before we entered our injunction, and thus have been allowed to proceed.

prosecute his action without having to represent himself at a trial in the courthouse." *Hill*, 679 N.E.2d at 940 n.1. The judge in Higgason's case thus concluded that he could not order Higgason's transport, but when Higgason requested adjudication by telephone, video, or submission of documentary evidence, the court denied his request. (All of this is according to Higgason's account because the record before us includes sparse documentation from the state court.) What happened next in the state court is unclear because the docket sheet provided by Higgason includes no entry reflecting a final judgment. The parties agree, however, that the small claims court ultimately dismissed Higgason's suit without prejudice and denied Higgason's praecipe for a transcript.

Higgason then returned to federal court and in February 1998 filed a second civil rights action arising from the events of April 1993 and mirroring his earlier federal suit. He named and served seven of the guards originally sued in 1993—Captains Howard Morton and Robert Wittenberg, Sergeant Paul Autterson, and Officers Andrew Paull, Brian Thompson, Gabrial Tinoco, and Mike Lunn—and added a new defendant, Property Officer David Rimmer. Higgason again alleged that, when the guards allowed inmates to steal his property and then disposed of the remainder themselves, they deprived him of property without due process of law. He also claimed that the defendants denied him access to the courts because the missing property included documents necessary to prosecute his appeal of *Higgason v. Rosko* and to prepare for trial in *Higgason v. Scott*, No. 46D04-9309-SC-1519 (LaPorte Super. Ct. 1994). Higgason also included a tort claim under Indiana law. The defendants again moved to dismiss, citing claim preclusion and the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), but the district court denied their motion. As is relevant here, the court concluded that Higgason now stated a due process claim arising from his stolen property because his complaint rebutted the presumption that an adequate postdeprivation remedy existed. The court noted that Higgason alleged he was prevented from prosecuting his tort claim in the small claims court and that the state court "denied his praecipe" when he "tried to appeal." The district court suggested that, in light of *Hill v. Duckworth*, "it is far more difficult than it once was to hold that Indiana's tort claims act provides any sort of adequate postdeprivation remedy for prisoners." Even if Higgason were to refile his claim in state court, the court surmised, "prison officials might force the case's dismissal simply by transferring Mr. Higgason to a penal facility in another county before the trial of the proposed civil action."

Four of the defendants—Autterson, Thompson, Tinoco, and Lunn—failed to answer the complaint and were defaulted. Then in March 2001, now almost eight years after the underlying incident, the district court granted summary judgment in favor of Morton, Wittenberg, Rimmer, and Paull. As to Higgason's due process claim, the court concluded that Higgason lacked evidence of personal involvement

by Wittenberg and Rimmer. The court reached the same conclusion as to Morton even while acknowledging that Higgason had submitted some admissible evidence that it was Morton who ordered his placement in segregation and directed that his cell be opened after he was removed. Finally, the court held that Higgason lacked evidence that Paull's minimal involvement was anything more than negligent.

As to Higgason's claim that he was denied access to the courts, the district court, as it had done in the previous federal case, held that Higgason could not show an injury resulting from the loss of his legal documents. This time, however, the court concluded that Higgason was not prevented from appealing the dismissal of *Higgason v. Rosko* simply because his copy of a memorandum filed in the district court had been stolen. The memorandum was part of the appellate record, the court reasoned, so its absence from Higgason's personal records did not preclude him from pursuing his appeal. Likewise, the district court held that Higgason could not prove that the loss of documents relating to *Higgason v. Scott* adversely affected the outcome of that case because Higgason abandoned the suit when he lost his temper and demanded to be removed from the courtroom.

The district court then dismissed Higgason's supplemental state-law claim against Morton, Wittenberg, Rimmer, and Paull because they were not named in his notice of tort claim. *See* Ind. Code § 34-4-16.5-9 (1974). Finally, in a separate order, the court entered a default judgment for $27,405 against the guards who did not answer Higgason's complaint.

Higgason filed a timely notice of appeal, which we docketed as case no. 02-4273. We suspended proceedings in that appeal, however, because after the entry of judgment Sergeant Autterson moved under Federal Rule of Civil Procedure 60(b) to set aside the default judgment. Autterson succeeded in getting the judgment against him reduced to $15,429, but the district court refused to set it aside altogether. We reversed that ruling and directed that the case proceed on the merits, *Higgason v. Autterson*, 49 Fed. Appx. 73 (7th Cir. 2002) (unpublished order), and in September 2004 the district court granted summary judgment for Autterson. The court acknowledged that Higgason had produced evidence that Autterson relayed to another guard the directive from Morton to open Higgason's cell to other inmates and that Higgason's evidence supported an inference that Autterson's conduct was "malicious, willful and wanton, and possibly criminal." Nevertheless, the court concluded that Autterson was shielded from liability by qualified immunity. The court then declined to exercise supplemental jurisdiction over Higgason's state-law claim, with the explanation that Higgason could refile in state court. Higgason filed another appeal, which we docketed as case no. 04-3773.

We start with Higgason's due process claim. We will not analyze the evidence defendant-by-defendant because we conclude, as we did when we affirmed

the dismissal of Higgason's 1993 lawsuit, that he simply fails to state a federal constitutional claim for the deprivation of his property. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005) (recognizing that summary judgment may be affirmed on any ground apparent from the record); *Russ v. Watts*, 414 F.3d 783, 787 n.2 (7th Cir. 2005) (same). The unauthorized intentional deprivation of an individuals' property by a state employee does not deny the procedural due process guaranteed by the Fourteenth Amendment so long as "a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *see Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002). We have held that the Indiana Tort Claims Act provides an adequate postdeprivation remedy to redress claims like Higgason's. *See Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001); *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987). In this case, the district court reasoned that Indiana's tort remedy was inadequate for Higgason because of *Hill v. Duckworth* and its application by the LaPorte County judge to dismiss Higgason's small-claims action for want of prosecution. This is incorrect both factually and legally. Higgason alleged in his 1998 federal complaint that his praecipe was denied by the small claims court, but the reason is nowhere found in the record. Certainly there is no evidence that Higgason's failure to appeal the dismissal to the state appellate court was attributable to the judge presiding over his suit or to court personnel rather than to Higgason's own inaction or procedural failings. Indiana law is settled that civil litigants have a guaranteed right to an appeal, *see Ind. High Sch. Athletic Ass'n, Inc. v. Martin*, 765 N.E.2d 1238, 1242 (Ind. 2002), as well as a right to a certified transcript at any time, *see Lies v. Ortho Pharm. Corp.,* 286 N.E.2d 170, 174 (Ind. 1972); *Crown Aluminum Indus. v. Wabash Co.*, 369 N.E.2d 945, 947 (Ind. App. Ct. 1977). More importantly, the Indiana courts have emphasized after *Hill* that the restriction on transporting prisoners is not a complete bar to an inmate's cause of action under the Indiana Tort Claims Act. *See Niksich v. Cotton*, 810 N.E.2d 1003, 1008 (Ind. 2004) (holding that inmate has no absolute right to attend civil trial but "may seek to submit the case through documentary evidence, to conduct the trial by telephonic conference, to secure someone else to represent him at trial, or to postpone the trial until his release from incarceration"); *Murfitt v. Murfitt*, 809 N.E.2d 332, 334-35 (Ind. App. Ct. 2004) (reversing judgment where inmate was denied alternative means to participate in civil trial); *Sabo v. Sabo*, 812 N.E.2d 238, 246 (Ind. App. Ct. 2004) (same); *Zimmerman v. Hanks*, 766 N.E.2d 752, 757-58 (Ind. App. Ct. 2002) (same). The fact that Higgason's attempt to litigate his claims in state court was unsuccessful does not establish that Indiana's remedy is inadequate. *See Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that postdeprivation remedy must be "meaningless or nonexistent" to be inadequate); *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990) (explaining that state remedy is not necessarily inadequate because it is uncertain or incomplete). The small claims court may have wrongfully dismissed Higgason's suit, but his recourse was to salvage the action through Indiana's appellate courts, not to argue in a new federal action that the

adverse decision in state court revived a dormant due process claim. The district court should have dismissed this claim immediately for failure to state a claim.

The district court's resolution of Higgason's remaining claims is sound. To prove that he was denied meaningful access to the courts, Higgason needed evidence that he was prevented from pursuing a nonfrivolous lawsuit. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). We have twice before recognized that Higgason's appeal in *Higgason v. Rosko* was patently frivolous, *see Higgason v. Adank*, No. 93-2000 (7th Cir. Feb. 3, 1994) (summary disposition); *Higgason v. Barnes*, 95 F.3d 1154 (7th Cir. 1996) (unpublished order), and the district court was correct that Higgason cannot contend that he would have prevailed in the *Scott* matter but for the theft of his legal materials given that he abandoned the courtroom in a fit of frustration. As for the supplemental state claim, we have reviewed Higgason's arguments and conclude that none has merit.

AFFIRMED.