Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**DARIUS WASHINGTON**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 19 2013, 9:23 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARIUS WASHINGTON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 52A02-1210-SC-796 |
| | ) | |
| INDIANA DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable J. David Grund, Judge
Cause No. 52D01-1204-SC-185

**April 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Darius Washington ("Washington"), a prison inmate at the Miami Correctional facility of the Indiana Department of Correction ("DOC"), filed a notice of claim regarding the loss of his property and named the DOC as a defendant. The Miami County Small Claims Court entered judgment for the DOC on Washington's claim. Washington raises two issues on appeal, which we restate as whether the small claims court erred in entering judgment in favor of the DOC and whether the trial court erred by denying Washington's motion to transport.

We affirm.

## Facts and Procedural History

On February 20, 2011, Washington was placed in the segregation unit at the Miami Correctional Facility because of behavioral issues. Prior to being placed in segregation, his property was inventoried. On February 22, 2011, Washington was released from segregation, and he claimed that he was missing some of his property, including: a thermal top, two pairs of gym shorts, a pair of sweatpants, a pair of New Balance tennis shoes, a chess board, a laundry bag, a bath towel, a package of dental floss, a pair of headphones and extension, an ankle brace, and a small photo album with thirty-two pictures. Appellant's App. p. 27.

Washington informed DOC officials that he was missing the property and received a response on March 1, 2011 from the segregation housing unit team manager that his property would be returned to him. Appellant's App. p. 15. However, Washington asserts that his property was never returned to him.

2

On April 10, 2012, Washington filed a pro se notice of claim regarding his lost property. The trial court then ordered Washington to file his evidence through affidavit and supporting exhibits by July 19, 2012 and ordered the DOC to file its affidavit and supporting exhibits within 20 days thereafter. On July 17, 2012, Washington filed a Motion to Set Hearing and for Transport Order, but the trial court denied the motion on July 23, 2012 noting that it had previously ordered the evidence to be submitted by affidavit.

On July 31, 2012, Washington filed his affidavit and supporting exhibits. He valued his thirty-two missing pictures at $3,200 and valued his other missing property at $357.50 for a total of $3,557.50. Appellant's App. p. 27. However, Washington did not provide a basis for his valuation. Id. The DOC subsequently filed its affidavit on August 15, 2012 and argued that Washington had failed to provide evidence of ownership of the alleged lost property and had failed "to provide evidence of damages or valuation of his lost property, other than arbitrarily assigning value to each item." Appellee's App. p. 1.

The trial court reviewed the evidence submitted through the affidavits of the parties, and on September 7, 2012, the trial court held that Washington failed to meet his burden of proof by a preponderance of the evidence and entered judgment for the DOC.

Washington now appeals.

**I. Judgment for DOC**

Washington argues that the trial court erred in entering judgment for the DOC. Generally, in appellate review of claims tried by the bench without a jury, we will not set aside the trial court's judgment unless it is clearly erroneous. See Ind. Small Claims Rule

11(A); Indiana Trial Rule 52(A). However, if the trial court's judgment "turns *solely* on documentary evidence," we review the judgment "de novo, just as we review summary judgment rulings and other paper records." Eagle Aircraft, Inc. v. Trojnar, 983 N.E.2d 648, 657 (Ind. Ct. App. 2013) (quoting Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1069 (Ind. 2006)) (internal quotation marks omitted). Because here the trial court's judgment relied solely on the parties' written evidentiary submissions, we will review the judgment de novo.

Washington argues that he met his burden of proof, because he submitted evidence showing that the DOC lost his property and evidence showing he had attempted to obtain documentation proving ownership of the property.[1] Appellant's Br. at 8-9, 11. However, the DOC argues that regardless of whether it lost Washington's property, judgment for the DOC was still appropriate because Washington failed to submit evidence regarding the value of his property and because the property had "no real market value." Appellee's Br. at 4. Because we find this issue dispositive, we need not address whether Washington presented sufficient evidence that the DOC lost his property.

Under Indiana Code section 33-29-2-4, "[t]he small claims docket has jurisdiction over the following: (1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand dollars ($6,000)." Moreover, under Indiana Small Claims Rule 2(B)(4) the notice of tort claim must include "the nature and

---

[1] Washington also argues that if a motion to dismiss is granted, the plaintiff should be given ten days to amend. Appellant's Br. at 9 (citing Niksich v. Cotton, 810 N.E.2d 1003 (Ind. 2004)). However, this argument is misplaced, because in this case, the DOC did not file a motion to dismiss and the trial court did not dismiss the complaint on that basis. Rather, the trial court reviewed the parties' submitted affidavits and entered judgment for the DOC.

4

*amount* of the claim[.]" (emphasis added). Thus, in order to prevail on a tort claim, it follows that Washington had to prove the amount of the damages. The amount Washington names for his damages appears to be nothing more than an arbitrary estimation, which is particularly reflected in his valuation of his thirty-two photos as being worth $3200 with no explanation as to the basis of this value. This evidence was not sufficient to prove Washington's damages, and the trial court did not err by holding that Washington had not met his burden of proof by a preponderance of the evidence and by entering judgment for the DOC.

## II. Transport Order

Washington argues that the trial court erred by denying his motion for transport. However, while an incarcerated plaintiff has the constitutional right to bring a civil action against a party that has injured him, we have previously held that a trial court "cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration." Sabo v. Sabo, 812 N.E.2d 238, 242 (Ind. Ct. App. 2004) (citing Hill v. Duckworth, 679 N.E.2d 938, 939 (Ind. Ct. App. 1997). In Hill, we recognized that:

> It may seem harsh to petitioner that he is denied the right to prosecute his action for the possession of his property alleged to have been taken by the sheriff, but that is not done. He still has the right to sue. It is true that his confinement makes it impossible for him to appear in court and act as his own lawyer, but when anyone commits a felony and is convicted and is confined in State prison his ability to pursue his business in person and to exercise many other rights and privileges, which he otherwise might have had, are curtailed and in such curtailment his rights under the constitution are not violated. It is merely an incident of punishment.

679 N.E.2d at 939 (citing <u>Rogers v. Youngblood</u>, 226 Ind. 165, 170-71, 78 N.E.2d 663, 665 (1948)).  Here, the trial court could not grant the transport order because Washington was incarcerated for a matter unrelated to his tort claim.

We note, however, that some avenue must exist for an incarcerated plaintiff to prosecute his claim, and we have previously held that submission of a case by documentary evidence is an appropriate method of trying a small claims case filed by an incarcerated plaintiff who is unrepresented by counsel.  <u>See</u> <u>Zimmerman v. Hanks</u>, 766 N.E.2d 752, 758 (Ind. Ct. App. 2002).  In this case, the trial court allowed Washington to prosecute his claim through submission of an affidavit with accompanying exhibits, and Washington did so.  <u>See</u> <u>Hill</u>, 679 N.E.2d at 940 n.1 (noting that one of the available avenues for a prisoner, who is denied permission to attend trial, to prosecute his action is to submit "the case to the court by documentary evidence").  Therefore, the trial court properly denied Washington's motion to transport and did not violate Washington's constitutional right to bring a civil action against a person who injured him.

**Conclusion**

The trial court did not err by entering judgment in favor of the DOC or by denying Washington's motion to transport.

Affirmed.

BAKER, J., and MAY, J., concur.