# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 28 2019, 9:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Michael S. Hauser

ATTORNEYS FOR APPELLEE

Adam G. Forrest
BBKCC ATTORNEYS
Richmond, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael S. Hauser, <br> *Appellant,* <br><br> v. <br><br> The GEO Group Inc., Lt. Storms, Sgt. Cross, Sgt. A. Brown, and Sgt. H.N. Driscoll, <br> *Appellees.* | June 28, 2019 <br><br> Court of Appeals Case No. 18A-SC-1240 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable David L. McCord, Judge <br><br> Trial Court Cause No. 33C03-1801-SC-35 |

**Pyle, Judge.**

# Statement of the Case

[1] Michael Hauser ("Hauser"), an inmate in the Department of Correction ("DOC"), filed a pro se small claims complaint in Henry Circuit Court against The GEO Group, Inc., Lt. Storms, Sgt. Cross, Sgt. A. Brown, and Sgt. H.N. Driscol ("Correctional Staff") seeking the monetary value of lost property.

[2] Hauser's appeal raises several issues, which we restate as (1) whether the trial court abused its discretion by denying Hauser's motion for telephonic hearing; and (2) whether Hauser demonstrated that he is entitled to the recovery sought. Concluding that the trial court did not abuse its discretion and that Hauser failed to demonstrate that he is entitled to the recovery sought, we affirm the trial court.

[3] We affirm.

# Issues

> 1. Whether the trial court abused its discretion by denying Hauser's motion for telephonic hearing.
>
> 2. Whether Hauser demonstrated that he is entitled to the recovery sought.

# Facts

[4] On February 5, 2017, Hauser received a conduct report due to a behavioral issue and was placed in the restrictive housing unit ("RHU") at the New Castle Correctional Facility ("NCCF"). Before Hauser was placed in the RHU, his property was inventoried on an "Offender Personal Property" form. (App. Vol.

2 at 32-34). On February 7, Hauser was released from restrictive housing. Upon release, he signed a "Property Release-Inmate" form through which he acknowledged that all of his state-issued and personal property had been returned to him. (App. Vol. 2 at 74).

[5] On February 13, 2017, Hauser filed an "Offender Complaint" with the RHU staff alleging the loss of property. (App. Vol. 2 at 44). Hauser claimed that he was missing: various art supplies, batteries, substance abuse manuals, a blanket, a radio, and clothing items. In response, Lt. Storms stated that some of Hauser's personal property had been "confiscated [as] altered or excessive[.]" (App. Vol. 2 at 67). Lt. Storms also addressed the fact that many of the items claimed missing were not on either inventory form.

[6] Approximately two weeks later, on February 22, Hauser filed a "Notice of Loss of Property – Tort Claim" with the Legal Services Division of the DOC seeking reimbursement of $62.42 for his lost property. (App. Vol. 2 at 45). Mike Smith ("Smith"), the Tort Claims Administrator at the NCCF, investigated Hauser's claim and denied the same as unsubstantiated. In support of the denial, Smith cited several reasons including the fact that some items: were confiscated, were not listed on either inventory sheet, were accounted for, and lacked proof of purchase receipts.

[7] On January 22, 2018, Hauser filed a pro se notice of claim against the Correctional Staff regarding his lost property seeking damages in the amount of $6,000. That same day, the court "order[ed] **all parties** to submit their evidence

by affidavit."[1] (App. Vol. 2 at 22) (emphasis in original). The trial court ordered Hauser to file his evidence by the trial date of March 2 and the Correctional Staff to file their evidence within twenty (20) days thereafter. The court order further stated that within thirty (30) days after the trial date, Hauser could "file any rebuttal evidence by affidavit or exhibit." (App. Vol. 2 at 22). If Hauser filed any rebuttal evidence, within forty (40) days after the trial date, Correctional Staff could "file any surrebuttal evidence by affidavit or exhibit." (App. Vol. 2 at 23).

[8] On February 15, 2018, Hauser filed his affidavit with several exhibits attached. He again valued his missing property at $62.42. Thereafter, on March 3, 2018, Hauser filed a "Motion for Telephonic Appearance at Hearing[,]" which was denied a few days later. (App. Vol. 2 at 47). On March 20, 2018, Correctional Staff filed their response, which included an affidavit by Smith and additional exhibits. Hauser then filed a "Response to Mike Smith Affidavit." (App. Vol. 2 at 78). Following Hauser's response, Correctional Staff filed a second affidavit by Smith.

[9] The trial court entered an order on April 24 denying Hauser's claim for failing "to meet his burden of proof[.]" (App. Vol. 2 at 6). Three days later, Hauser filed a "Response to Second Affidavit of Mike Smith." (App. Vol. 2 at 86).

---

[1] In support of allowing the trial to proceed by documentary evidence, the court cited *Hill v. Duckworth*, 679 N.E.2d 938, 940 n. 1 (Ind. Ct. App. 1997) (noting that one of the available avenues for a prisoner, who is denied permission to attend trial, to prosecute his action is to submit "the case to the court by documentary evidence[]").

Thereafter, on April 30, the trial court issued its April 24 order denying Hauser's claim. Hauser now appeals.

# Decision

Hauser argues that the trial court abused its discretion when it denied his motion for telephonic hearing and erred when it concluded that he failed to demonstrate that he is entitled to the recovery sought. We address each of his contentions in turn.

## 1. Motion for Telephonic Hearing

Hauser argues that the trial court abused its discretion by denying his "Motion for Telephonic Appearance at Hearing." (App. Vol. 2 at 47). In support of his position, Hauser contends that he "has a right to have access to the courts in a free, and open manner." (Hauser's Br. 12). Hauser is correct that he has a right to bring a civil action. However, a prisoner, such as Hauser, does not have an absolute right to be present at the proceeding. *Niksich v. Cotton*, 810 N.E.2d 1003, 1008 (Ind. 2004). We have previously held that a trial court cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration. *Hill*, 679 N.E.2d at 939 (citing *Rogers v. Youngblood*, 78 N.E.2d 663, 665 (Ind. 1948)). Additionally, trial courts are endowed with large administrative discretion in the conduct of their business, and in the absence of an abuse of discretion, appellate courts will not interfere in such matters. *Rogers*, 78 N.E.2d at 665. Indeed, there are different avenues available to the trial court by which it can proceed with the civil claim of an

incarcerated individual including: submission by documentary evidence; trial by telephonic conference; representation by counsel; and postponement until release from incarceration. *Hill*, 679 N.E.2d at 940 n. 1.

[12] Here, Hauser was afforded the opportunity to submit his claim by affidavit. The trial court declined to order transport of Hauser for the civil proceeding and "order[ed] **all parties** to submit their evidence by affidavit." (App. Vol. 2 at 22) (emphasis in original). Hauser complied and submitted his documentary evidence. He later filed the motion for telephonic hearing, which was denied by the trial court. Because the trial court has considerable discretion in selecting how to proceed after evaluating a prisoner's need to be present against concerns of expense, security, logistics and docket control, we conclude that the trial court did not abuse its discretion when it denied Hauser's motion and ordered all parties to submit their evidence by affidavit. *See Niksich*, 810 N.E.2d at 1008.

## 2. Sufficiency of Evidence

[13] Hauser argues that there was sufficient evidence to support his small claims action. His argument is two-pronged. First, he argues that the trial court erred when it did not consider his response to the "Second Affidavit of Mike Smith." (App. Vol. 2 at 83). Second, he argues that the trial court erred by finding that he failed to demonstrate that he is entitled to the recovery sought.

[14] Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate

review of facts determined in a bench trial with due regard given to the opportunity of the small claims court to assess witness credibility. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind. 2006). This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *Id*. at 1067-68 (quoting *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995)). Although the method of proof may be informal, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues. *LTL Truck Serv. LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 668 (Ind. Ct. App. 2004). The party who bears the burden of proof must demonstrate that he is entitled to the recovery sought. *Id*. Where a small claims case turns solely on documentary evidence, we review the judgment de novo, just as we review summary judgment rulings and other "paper records." *Trinity Homes,* 848 N.E.2d at 1068.

[15] Hauser first argues that the trial court erred when it did not consider his response to the "Second Affidavit of Mike Smith[.]" (App. Vol. 2 at 83). In its order to submit evidence by affidavit, the trial court stated that within thirty (30) days after the trial date, Hauser could "file any rebuttal evidence by affidavit or exhibit." (App. Vol. 2 at 22). If Hauser did file any rebuttal evidence, within forty (40) days after the trial date, Correctional Staff could "file any surrebuttal evidence by affidavit or exhibit." (App. Vol. 2 at 23). Both Hauser and Correctional Staff took such action. However, nowhere in the trial

court's order does it provide Hauser with the opportunity to file a response to Correctional Staff's "surrebuttal evidence." (App. Vol. 2 at 23). A trial court is not obligated to allow parties repeated attempts to respond to an opposing witness' affidavits. *See Barnett v. State*, 916 N.E.2d 280, 286 (Ind. Ct. App. 2009) (holding that a small claims court has broad discretion in determining whether to admit or exclude evidence), *trans. denied*. Here, the trial court gave Hauser an opportunity to respond to a witness' affidavit. This was consistent with the interests of justice under the small claims rules.

[16] Hauser next contends that he did demonstrate that he is entitled to the recovery sought. However, our review of the record reveals otherwise. Under INDIANA CODE § 33-29-2-4, "[t]he small claims docket has jurisdiction over the following: (1) Civil actions in which the amount sought or value of the property sought to be recovered is not more than six thousand ($6,000)." Moreover, under Indiana Small Claims Rule 2(B)(4), the notice of tort claim must include "the nature and amount of the claim[.]" Thus, in order to prevail, Hauser had to prove what he was missing and the amount of the damages.

[17] In his submission of evidence, Hauser attached several lists of property he claimed was missing, inventory lists, and receipts. These exhibits are inconsistent with each other. Hauser claims several items as missing that were not listed on either his personal property inventory form upon leaving his unit or the inventory form completed upon his entrance into the RHU. Further, upon leaving the RHU, Hauser signed a form acknowledging the return and receipt of all of his property. Moreover, it is noteworthy that in his submission

of evidence, Hauser claimed his lost property was worth $62.42. However, he is requesting damages totaling $6,000. Hauser provided no explanation or evidence reflecting his alleged lost property being valued at $6,000. It is clear that the trial court did not err by finding that Hauser failed to demonstrate that he is entitled to the recovery sought.

[18] Based on the foregoing, we conclude that the trial court did not abuse its discretion and that Hauser failed to demonstrate that he is entitled to the recovery sought. Accordingly, we affirm the trial court.

[19] Affirmed.

Riley, J., and Bailey, J., concur.